## Commonwealth v. Butterfield

*Michael J. Garfield, First Assistant District Attorney,* for Commonwealth.

*Wallace C. Worth, Jr.,* for defendant.

LAVELLE, *P.J.*, November 7, 1980—Defendant, Roger Roy Butterfield, was convicted by a jury of driving under the influence of alcohol and of recklessly endangering another person. Before the court for disposition are defendant's post-trial motions for a new trial and arrest of judgment.

Initially, defendant contends that the verdict was contrary to the evidence and the weight of the evidence because the jury disregarded the testimony of defendant, defendant's expert and the Commonwealth's expert whose testimony according to defendant in part corroborated that of defendant's expert.

In testing the sufficiency of the evidence we are obliged to view all of the evidence and all reasonable inferences arising therefrom in a light most favorable to the verdict winner, in this case the Commonwealth: Com. v. Bentley, _____ Pa. Superior Ct. _____, 419 A. 2d 85 (1980). Viewed in this light, the evidence on record in the instant case would permit the jury to find the following facts:

Shortly after midnight on October 18, 1978, Frank Flaherty, a Pennsylvania Turnpike employe, noticed a yellow Mercury with its lights on and its motor running stopped on the travelling portion of the Northeast Extension of the Turnpike. He saw defendant, Roger Butterfield, slumped over the steering wheel. After ascertaining that defendant was unconscious, Flaherty radioed the state police for assistance.

In the meantime, another Turnpike employe, Daniel A. Brady, arrived on the scene and both men once more approached defendant's vehicle. As they did so, the vehicle started to move forward slowly. Acting quickly, Brady managed to open the door of the car, enter the vehicle, push the unconscious defendant aside, pull the car off the turnpike onto the berm of the road and apply the brakes.

After removing the car keys from the ignition, Brady began to exit the vehicle. As he was doing so, defendant who was apparently awakened by the jarring stop, pulled out and pointed a .38 calibre revolver at Brady and demanded the return of the keys, with the words, "Give me those keys or I'll blow your head off; this is a .38." Surprised and shaken, Brady obliged and defendant drove away.

Shortly thereafter, defendant was apprehended by state troopers who observed him driving erratically. The troopers smelled alcohol on his breath and defendant admitted at the time he had three Rob Roys earlier in the evening. A breathalyzer test was administered and registered a reading of .11.

These facts were more than sufficient to permit the jury to find beyond a reasonable doubt that defendant was guilty of driving under the influence of alcohol and of recklessly endangering.

In his defense, defendant offered evidence that he was driving a car painted only about 12 hours before the incident and that he accidentally and unwittingly inhaled the paint fumes allegedly present in his car and that this inhalation of fumes caused him to lose consciousness, caused his erratic driving and behavior and also caused the breathalyzer reading of .11.

Defendant contends in his motion for a new trial

that the court erred when it refused to charge the jury that in order to find defendant guilty of driving under the influence, any alcohol, under whose influence defendant may have been, had to be voluntarily ingested and not inadvertently or accidentally ingested by inhalation. Timely exception was taken to the court's denial of defendant's instruction and the matter is now properly before us.

Defendant cites no relevant Pennsylvania cases dealing with the topic of involuntary intoxication in the context of driving under the influence and our own research has not disclosed any precedent in Pennsylvania which could guide us in the instant case. However, it is fundamental that: "A person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act. . . ." Crimes Code, 18 Pa.C.S.A. §301. Further, courts in other jurisdictions have subscribed to the general rule that involuntary intoxication is an excuse for what otherwise would be a crime. However, to constitute involuntary intoxication, the influence which causes the intoxication of the accused must be such as to preclude his exercise of independent judgment and volition: New Hampshire v. Plummer, 117 N.H. 320, 374 A. 2d 431 (1977); Hanks v. Texas, 542 S.W. 2d 413 (Tex. Crim. App. 1976); 22 C.J.S., Criminal Law §69. The accused must be subject to an irresistible force such as a forceable, unwitting, or unknowing ingestion or administration of an intoxicant: State v. Palacio, 221 Kan. 394, 559 P. 2d 804 (1977). See generally, Anno., When Intoxication Deemed Involuntary, 73 A.L.R. 3d 195.

We are satisfied that the above general rule and section 301 of the Crimes Code can be applied to the

offense of driving under the influence of alcohol: Vehicle Code, 75 Pa.C.S.A. §3731(a)(1);[1] Com. v. Cunningham, 248 Pa. Superior Ct. 219, 375 A. 2d 66 (1977).[2] Thus, if the evidence satisfied the fact finder that defendant became intoxicated unknowingly, then defendant must be found not guilty of driving under the influence. See People v. Koch, 250 App. Div. 623, 294 N.Y.S. 987 (1937).

There was evidence in this case from defendant and from his expert that defendant's intoxication on the night of the incident was not voluntary. Defendant's evidence tended to prove that the intoxication was caused by vaporized chemicals present in defendant's automobile from the recent painting and that defendant while driving his vehicle was unaware of the effect of the chemicals until he became

---

1. Section 3731(a)(1) of the Vehicle Code of 1976 requires as follows:

"A person shall not drive any vehicle while: (1) under the influence of alcohol to a degree which renders a person incapable of safe driving."

2. Cunningham involved an appeal by the Commonwealth from a lower court's grant of arrest of judgment following appellee's conviction under section 13 of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-113. The issue was whether an attempt to commit a crime under the Drug Act was an offense punishable under the penal laws of Pennsylvania. In sustaining the Commonwealth's appeal, the appellate court clearly established that the Crimes Code also governs crimes defined in other statutes in the absence of specific legislation under another statute which would contradict the Crimes Code. In the instant case, driving under the influence is, according to section 3731(d) of the Vehicle Code, 75 Pa.C.S.A. §3731(d), a misdemeanor of the third degree. Since a misdemeanor is a crime and there being no provision in the Vehicle Code preventing the application of the Crimes Code to section 3731 of the Vehicle Code, we do so apply it.

suddenly nauseated. Defendant further testified that the nausea was almost instantly followed by loss of consciousness.

It is the responsibility of the trial court to instruct on an intoxication defense raised by defendant if the defense is supported by the evidence: Com. v. Kichline, 468 Pa. 265, 286, 361 A. 2d 282, 293 (1976); Com. v. Rose, 457 Pa. 380, 389, 390, 321 A. 2d 880, 884 (1974). If the trial judge fails to clarify issues and the application of law to the facts, a fair trial is not present: Smith v. Clark, 411 Pa. 142, 190 A. 2d 441 (1963).

Because we did not give defendant's requested instruction on involuntary intoxication, we erred and justice requires that a new trial be granted on the charge of driving under the influence of alcohol. As we are granting a new trial on this charge, it is not necessary to consider defendant's remaining contentions.

Accordingly, we enter the following

## ORDER

And now, November 7, 1980, it is hereby ordered and decreed as follows:

1. Defendant's motion in arrest of judgment be, and is hereby denied.

2. Defendant's motion for a new trial on the charge of recklessly endangering is denied.

3. Defendant's motion for a new trial on the charge of driving under the influence of alcohol is hereby granted.

4. Sentencing in this matter shall be postponed pending a disposition of the charge of driving under the influence.