478 A.2d 872

COMMONWEALTH of Pennsylvania

v.

**Robert Mark PLANK.**

Superior Court of Pennsylvania.

Submitted April 4, 1984.

Filed July 13, 1984.

Richard K. Renn, Assistant Public Defender, York, for appellant.

Floyd P. Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This appeal follows judgment of sentence for rape.[1] Appellant argues (1) the trial court erred when it refused to allow him to present an insanity defense; and (2) the prosecution failed to establish sufficient proof of forcible compulsion to sustain the jury's verdict of guilty of rape as a felony of the first degree.

The facts of rape are undisputed. Appellant entered the victim's home one Sunday morning. He threatened the woman, raped her and fled.

At trial, appellant attempted to introduce an insanity defense.[2] The court refused to allow the testimony to go to the jury.

At trial, appellant did not testify. The court did hear, in camera, the testimony of Dr. Stanley E. Schneider, a clinical psychologist, on the issue of appellant's alleged insanity.

The doctor testified that appellant suffered from a mental disorder, "an adjustment disorder with depressed mood and disturbance of conduct." He traced the illness to appellant's chronic abuse of alcohol. The disease manifests itself in alcoholic blackouts. Ingestion of alcohol results in periods during which appellant appears to be in control, but about which he can recall little if anything later.

1. 18 Pa. C.S. § 3121.

2. Appellant filed pre-trial motions for an incompetency examination. On April 23, 1982, he gave notice of intent to present an insanity defense. *See* Pa.R.Crim.P., Rule 305 C(1)(b), 42 Pa.C.S.A. Before trial, he moved for permission to present the defense. The court refused to allow it.

On the evening before the attack, appellant had fought with his wife. He spent the night drinking. Sunday morning at seven, he raped the victim. The doctor testified that he believed appellant did not understand the harmfulness of his actions at the time of the attack. Further, the doctor believed appellant could not completely understand the consequences of his actions at that time. Dr. Schneider felt appellant's reasoning was defective and his ability to control himself diminished. He testified that "but for" appellant's Saturday drinking, the Sunday rape would never have occurred.

The judge again refused to allow an insanity defense. A jury found appellant guilty of rape, a felony of the first degree. Timely post-verdict motions were filed, heard and denied. Appellant received a term of five (5) to ten (10) years.

Appellant challenges the court's rejection of his insanity defense.

The trial court made a threshold determination that appellant had failed to raise the issue of insanity. *See Commonwealth v. Thompson*, 274 Pa.Super. 44, 417 A.2d 1243 (1979). It concluded as a matter of law that appellant could not escape liability under the *M'Naghten Rule*.

■■■ We recognize the problems faced by an indigent attempting to raise an insanity defense.[3] On review, we give the proposed testimony a "fair reading." *See id.*, 274 Pa.Superior Ct. at 50, 417 A.2d at 1246. We assume, that

---

**3.** Appellant applied to the court for an order directing an incompetency examination. *See* 50 Pa. S. § 7402(c). However, Dr. Schneider explained, "[t]he psychological tests that I administered are not sophisticated enough to pick up any neurological or organic problems resulting from the long history of alcohol use or abuse." N.T. 71. *See generally* A. Goldstein, *The Insanity Defense*, Chapter Nine "Expert Witnesses and an Effective Defense; The Special Problems of the Indigent Accused" (Yale 1967).

The court shall, on an indigent defendant's motion, allow reasonable compensation for a psychiatrist of defendant's choice. 50 Pa. S. § 7402(f). The problem inheres that the wealthy can afford more and "better" psychiatric testimony.

**450**

had the jurors heard the testimony, they would have credited it.[4] We turn then to the question of law.

■ The insanity defense reflects "a societal judgment as to the minimal mental capacity that must be possessed by the actor to be held criminally responsible for his acts." *Commonwealth v. Hicks*, 483 Pa. 305, 311, 396 A.2d 1183, 1186 (1979) (per Nix, J.). We will not convict a defendant who, at the time he committed an otherwise criminal act, was "laboring under such defect of reason, from disease of mind, as not to know the nature and quality of the act he was doing; or, if he did wrong, that he did not know he was doing wrong...." *The Queen v. M'Naghten*, 10 Cl. & Fin. 200, 8 Eng. Rep. 718 (1843); *Commonwealth v. Woodhouse*, 401 Pa. 242, 164 A.2d 98 (1960). To the extent we focus on the disorder to excuse the act, etiology is irrelevant. *See Commonwealth v. Simms*, 462 Pa. 26, 333 A.2d 477 (1975) (insanity defense allowed where defendant, at the time of the crime, was allegedly acting as a result of a blow or blows to the head); *cf. Commonwealth v. Hicks*, 483 Pa. at 311 n. 5, 396 A.2d at 1186 n. 5 (the Court reserved the question of "the applicability of the defense of insanity where the mental disease is traceable to habitual long term abuse of drugs.").

■ The court's refusal to allow Dr. Schneider to testify before the jury collided with appellant's right to present a

4. As Judge Cavanaugh recognized in *Thompson*, "it would work an unreasonable mischief if at the conclusion of every case the court on request had to send an insanity issue to the jury simply on the insistence of the defendant that a view of all the evidence raises the issue and requires a determination of whether the Commonwealth has proven sanity." 274 Pa.Super. at 49, 417 A.2d at 1246.

However, we agree with Justice Roberts in *Rose* that "... the accused has no obligation to introduce any particular evidence in support of his claimed defense." *Commonwealth v. Rose*, 457 Pa. 380, 394–95, 321 A.2d 880, 887 (1974) (Roberts, J., concurring); *accord Commonwealth v. Demmitt*, 456 Pa. 475, 483–85, 321 A.2d 627, 632–33 (Nix, J., concurring). *But see Commonwealth v. Frisbie*, 318 Pa.Super. 168, 464 A.2d 1283 (1983), where the trial judge, as fact-finder, found proffered testimony "unworthy of belief" and so, insufficient to raise the insanity defense.

We believe the approach adopted today best serves these competing interests, judicial economy and substantive due process.

defense. "To deny a defendant an opportunity to present competent proof in his defense constitutes a violation of a fair trial and of due process." *Henderson v. Fisher*, 631 F.2d 1115, 1119 (3rd Cir.1980), on remand 506 F.Supp. 579 (W.D.Pa.1981). Had appellant fairly raised the insanity defense, the Commonwealth would have had the burden of proving beyond a reasonable doubt appellant's sanity at the time of the crime.[5] Exclusion of the evidence carried the danger of impermissibly lessening the Commonwealth's burden of proof. *See Commonwealth v. Neely*, 298 Pa.Super. 328, 347–48, 444 A.2d 1199, 1208 (1982).

■ Because we find the excluded testimony irrelevant as a matter of law, we conclude that the court below committed no reversible error.

"The question is not whether it is fair to punish chronic alcoholics, but rather whether or not they possessed, at the time of the criminal act, the requisite *mens rea* to find them criminally culpable." *Commonwealth v. Kuhn*, 327 Pa.Super. 72 at ——, 475 A.2d 103 at 110 (1984) (Montemuro, J., concurring). *See* Note, *Chronic Alcoholism as a Defense to Crime*, 61 Minn.L.Rev. 901, 902–05 (1977). We predicate liability on some degree of criminal responsibility. Appellant adduced evidence of a mental disorder which predisposed him to alcoholic blackouts. He also presented proof that "but for" his drinking Saturday night, the Sunday rape would not have occurred.

"It is obvious that an actor should not be insulated from criminal liability for acts which result from a mental state that is voluntarily self-induced. *Commonwealth v. Hicks*, 483 Pa. at 311, 396 A.2d at 1186. Appellant took the alcohol by his own hand. If he drank voluntarily, the insanity

5. The legislature has since shifted the burden to the defendant to prove "by a preponderance of the evidence that [he] was legally insane at the time of commission of the offense." 18 Pa. C.S. § 315, Act 1982, Dec. 15, P.L. 1262, No. 286, § 1. The law operates prospectively, *see id.*, § 4, and has no bearing on this case.

defense is barred because appellant induced the infirmity.[6] *Id.*

■ Involuntary intoxication may, in certain instances, provide a defense to the criminal charge. *See Commonwealth v. Kuhn,* 327 Pa.Superior Ct. at ——, 475 A.2d at 113 (Spaeth, P.J., dissenting); *cf. Commonwealth v. Simms,* 462 Pa. 26, 333 A.2d 477 (1975) (blows to head may result in temporary insanity). However, "involuntary intoxication cannot, as a matter of law, be established through evidence showing that the criminal defendant was a chronic alcoholic incapable of voluntarily refraining from ingestion of alcohol." *Commonwealth v. Kuhn,* 327 Pa.Superior Ct. at ——, 475 A.2d at 108.

If we cannot excuse the antecedent act, appellant's proposed defense dissolves.

Additional concerns impel our decision today.[7] Allowance of the defense based upon a purported ungovernable impulse to drink raises practical problems. "Because clear guidelines would be impossible to draw, jury discretion would be substantial. This could lead to inconsistent and discriminatory results, as well as a burdensome increase in spurious claims by defendants hoping for a sympathetic jury." Note, *Alcohol Abuse and the Law,* 94 Harv.L.Rev. 1660, 1685 (1981). We believe admission of the evidence in this case would be contrary to the clear expression of legislative policy. *See* 18 Pa. C.S. § 308 (evidence of voluntary intoxication legally irrelevant to an accused's intent); *Commonwealth v. Rumsey,* 309 Pa.Super. 137, 454 A.2d 1121 (1983). Finally, we express our concern for the victim of the rape. "[S]ociety's interest in safety would be ill served by weakening sanctions against inebriates who in-

---

6. We distinguish this case on the facts from *Hicks.* There Justice Nix found a fatal weakness in Hicks' claim—the absence of any allegation of "a defect of reason *resulting from a disease of the mind.*" 483 Pa. at 310, 396 A.2d at 1185 (emphasis in the original). The court here heard uncontroverted testimony that appellant does suffer from a mental disorder.

7. We note that a Motion for Allowance of Appeal by the Supreme Court was filed in *Kuhn* on April 23, 1984.

tentionally cause harm to others, especially since their crimes often involve violent attacks on the person." Note, *Alcohol Abuse, supra.*

■ Appellant's remaining argument, that there was insufficient evidence on the issue of force, lacks merit. The victim testified that appellant told her "Come on lady, don't make me shoot you." She saw no weapon.

Under Section 3121 of the Crimes Code, "A person commits a felony of the first degree when he engages in sexual intercourse ... by *threat* of forcible compulsion that would prevent resistance by a person of reasonable resolution...." 18 Pa. C.S. § 3121 (emphasis added). We see no reason to disturb the jury's finding.

The judgment of sentence is hereby AFFIRMED.