600 A.2d 996

**COMMONWEALTH of Pennsylvania**

v.

**Frederick C. GRISCOM, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1991.

Decided Dec. 17, 1991.

Anthony F. List, Media, for appellant.

Vram Nedurian, Asst. Dist. Atty., Newton Square, for Com., appellee.

Before DEL SOLE, JOHNSON and HESTER, JJ.

JOHNSON, Judge.

On this direct appeal from judgment of sentence, we are asked to determine whether psychiatric testimony of a driver's bipolar disorder and continuous alcohol dependence are admissible to establish involuntary intoxication as a defense to a charge of driving under the influence of alcohol. 75 Pa.C.S. § 3731(a).

The Honorable Melvin G. Levy convicted Frederick C. Griscom of driving under the influence of alcohol and driving while operating privileges were suspended. Judge Levy sentenced Griscom to terms of incarceration aggregating a 90–day minimum and a two-year maximum, with fines imposed which totalled $1300.

Griscom contends that (a) his bipolar disorder (manic depression) and alcoholism, and the mental state brought about by these illnesses, were relevant as a defense to the charges upon which he was convicted, and (b) the fact finder, Judge Levy, committed error in refusing to consider as competent evidence these conditions and diagnoses, since it would have shown Griscom to be out of control and unable to form any intent to commit the crimes charged. We conclude that the bipolar disorder and alcoholism are not relevant and that Judge Levy was free from error in convicting Griscom. Accordingly, we affirm judgment of sentence.

One month before his non-jury trial, Griscom filed a Motion in Limine requesting that the court admit certain psychiatric testimony which would have been submitted to establish that Griscom is a chronic alcoholic suffering from a bipolar disorder and that his condition resulted in his involuntary ingestion of alcohol. The motion was denied by Judge Levy prior to trial. At trial, Griscom stipulated to the facts surrounding his arrest, the fact that his privileges for driving were then under suspension due to previous DUI convictions, and that opinion testimony could be produced that Griscom was unable to safely operate his automobile due to his consumption of alcohol. The only issue following trial and conviction was whether the psychiatric

testimony would have been relevant on any issue before the court.

Both the trial court and the Commonwealth on this appeal rely upon *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983) for the proposition that neither driving under the influence nor driving while operating privileges are suspended require proof of a specific intent to sustain a conviction. However, *Mikulan* involved a conviction and sentence of ninety days or less. *See* 18 Pa.C.S. §§ 106(c)(2) and 305(a) (voluntary act not required in summary offenses, maximum term not more than ninety days). Also, only Justice Zappala joined in the opinion of Justice Larsen; Chief Justice Roberts, and Justices McDermott and Nix filed concurring opinions. Justice Hutchinson filed a concurring and dissenting opinion, and Justice Flaherty filed a dissenting opinion. It is not clear that the proposition regarding absolute liability without intent was joined in by any Justices other than Justices Larsen and Zappala. Nor has *Mikulan* been cited for that proposition since. We therefore decline to rest our decision on that case.

Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial judge and will not be reversed absent a clear abuse of discretion. *Hamill–Quinlan, Inc. v. Fisher*, 404 Pa.Super. 482, 591 A.2d 309, 311 (1991). Here, Judge Levy found that "neither the testimony of Dr. Huxter ... nor defendant's medical records ... had any relevance whatsoever to any material fact in issue in the case." Opinion, Levy, J., May 8, 1991, page 4. Our determination then is whether the trial court abused its discretion in finding that the proffered evidence was not relevant to the issues of Griscom's violation of the drunk driving statute.

In a plurality opinion(s), we have previously held that involuntary intoxication cannot as a matter of law be established through evidence showing that the criminal defendant was a chronic alcoholic incapable of voluntarily refraining from ingestion of alcohol. *Commonwealth v. Kuhn*, 327 Pa.Super. 72, 475 A.2d 103 (1984) (Opinions of Brosky

and Montemuro, JJ.) *accord Commonwealth v. Plank*, 329 Pa.Super. 446, 478 A.2d 872, 876 (1984); *Cf. Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595, 604–605 (1990) (en banc) *citing Commonwealth v. Hicks*, 483 Pa. 305, 311, 396 A.2d 1183, 1186 (1979) (an actor should not be insulated from criminal liability for acts which result from a, mental state that is voluntarily self-induced).

Our Crimes Code provides, with respect to culpability:
§ 308.   Intoxication or drugged condition

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative [negate] the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308.

On this appeal, Griscom invites this panel to reject the reasoning found in *Kuhn, Plank, Ellis*, and *Mikulan* and hold that the proffered evidence should have been admitted in an attempt to prove a lack of *mens rea* by Griscom in violating the pertinent sections of the Vehicle Code. However, Griscom had stipulated at trial that expert testimony, if presented, would establish that he, Griscom, was operating his motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving. 75 Pa.C.S. § 3731(a)(1). Griscom had further stipulated that he was driving his motor vehicle at a time when his operating privileges were suspended. 75 Pa.C.S. § 1543(a).

Evidence which tends to establish a material fact in the case or which tends to make a fact at issue more or less probable is relevant. *Commonwealth v. Brown*, 489 Pa. 285, 303, 414 A.2d 70, 79 (1980). While involuntary intoxication may, as an abstract principle, be a defense to a crime, no Pennsylvania appellate court has yet to hold that the defense of involuntary intoxication is a viable one. We acknowledge that at least one most distinguished trial judge

has held that involuntary intoxication is a viable defense, based upon Section 301 of the Crimes Code, *supra*. *Commonwealth v. Butterfield*, 17 Pa. D. & C. 3d 62 (1980) (Carbon Cty., Lavelle, John P., P.J.) (evidence of inhalation of paint fumes compels jury charge on inadvertent or accidental ingestion by inhalation). *Cf. Commonwealth v. Todaro*, 301 Pa.Super. 1, 446 A.2d 1305 (1982) (instruction on involuntary intoxication not required where defendant inadvertently mixed alcoholic beverages with prescribed medication). Where this issue has been addressed by our Supreme Court in *Mikulan*, albeit without finality, we are loath to stray from our assigned task of maintaining and effectuating the decisional law of that Court as faithfully as possible. *Commonwealth v. Dugger*, 506 Pa. 537, 545, 486 A.2d 382, 386 (1985).

Given the present state of the law in this Commonwealth, we cannot say that Judge Levy committed any error of law, or abused his discretion, in declining to receive expert testimony regarding Griscom's bipolar disorder.

Judgment of sentence AFFIRMED.