J-S01037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL NIEVES | |
| Appellant | No. 2851 EDA 2014 |

Appeal from the Judgment of Sentence August 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000697-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED DECEMBER 29, 2015**

Appellant, Daniel Nieves, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1]  We affirm.

In its opinion, the trial court fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]  We add only that Appellant timely filed post-sentence motions on September 8, 2014, which the court denied on September 12, 2014.

_____

[1] 18 Pa.C.S.A. §§ 2702(a); 2701(a); 2705, respectively.

[2] On the first page of its opinion, the trial court inadvertently states that the events which gave rise to Appellant's convictions occurred on December 8, 2012.  The correct date is December 29, 2012.

Appellant timely filed a notice of appeal on September 23, 2014. On September 29, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 20, 2014.

Appellant raises three issues for our review:

> DID THE TRIAL COURT ERR WHEN IT HELD THAT APPELLANT'S OWN STATEMENTS REGARDING HIS INVOLUNTARY INTOXICATION WERE INSUFFICIENT IN AND OF THEMSELVES TO SUSTAIN, BY A PREPONDERANCE OF THE EVIDENCE, THE DEFENSE OF INVOLUNTARY INTOXICATION IN A NON-DUI CASE UNDER THE LAW OF THE COMMONWEALTH OF PENNSYLVANIA?
>
> DID THE TRIAL COURT ERR WHEN IT HELD THAT APPELLANT WAS REQUIRED TO PRESENT MEDICAL RECORDS, MEDICAL TESTS, EVIDENCE OF HIS CONDITION IN POLICE CUSTODY, OR EXPERT TESTIMONY TO PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THE DEFENSE OF INVOLUNTARY INTOXICATION IN A NON-DUI CASE UNDER THE LAW OF THE COMMONWEALTH OF PENNSYLVANIA?
>
> DID THE TRIAL COURT ERR IN FINDING APPELLANT GUILTY OF AGGRAVATED ASSAULT, SIMPLE ASSAULT, AND RECKLESSLY ENDANGERING ANOTHER PERSON WHERE APPELLANT'S INVOLUNTARY INTOXICATION NEGATED THE *MENS REA* NECESSARY TO SUSTAIN A VERDICT OF GUILT FOR EACH OF THE CHARGES?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Charles A. Ehrlich, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions

presented. (*See* Trial Court Opinion, filed March 23, 2015, at 3-8) (finding:

**(issues 1-2)** Pennsylvania courts have not formally recognized defense of involuntary intoxication in non-DUI cases; moreover, even if court accepted involuntary intoxication as viable defense in this case, Appellant's claim is still meritless because Appellant did not meet burden to prove defense of involuntary intoxication by preponderance of evidence; Appellant offered only his own testimony to support claimed defense; Appellant presented no expert testimony or medical records to corroborate his purported intoxication; Appellant testified very little regarding effects of cigarette on him, other than relating that he "blacked out"; Appellant's testimony, by itself, did not satisfy proposed defense of involuntary intoxication by preponderance of evidence;[3] **(issue 3)** Victim testified that Appellant

---

[3] Specifically, at the conclusion of trial, the court stated:

> [Appellant] said that he was playing pool next door, was drinking, came outside, had a cigarette. After the cigarette he doesn't really remember anything. There is no evidence presented regarding [Appellant] saying anything to the police afterwards regarding anything that happened, nor was there any evidence presented regarding any medical tests done on [Appellant] or [Appellant's] condition when the police had him or subsequently when he was being processed for arrest.
>
> And based on the testimony that I heard, [Appellant's] own statement alone under the case law I read and under [this] jurisdiction is insufficient to prove [the defense] of involuntary intoxication. And therefore, based on that, I am going to find [Appellant] guilty of the charges.

*(Footnote Continued Next Page)*

- 3 -

entered her store, grabbed her by her arms, and punched her multiple times; Victim suffered bruising and lacerations to her face and needed medical treatment following Appellant's assault; Victim received stitches in her lip and eyebrow and sustained long-term damage to her sense of smell and taste following Appellant's attack; Victim had seen Appellant multiple times before this incident and readily identified Appellant as her assailant; Commonwealth presented sufficient evidence to convict Appellant of aggravated assault, simple assault, and REAP; by contrast, Appellant failed to prove claimed defense of involuntary intoxication).[4]   Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

---

*(Footnote Continued)* ──────────────

(N.T. Trial, 6/13/14, at 4-5; R.R. at 30a-31a).

[4] To the extent Appellant challenges the weight of the evidence in any of his issues on appeal, he waived that claim because he did not preserve it properly in his post-sentence motions. *See* Pa.R.Crim.P. 607 (stating claim that verdict was against weight of evidence shall be raised with trial judge in motion for new trial orally at any time before sentencing, by written motion before sentencing, or in post-sentence motion); ***Commonwealth v. Washington***, 825 A.2d 1264 (Pa.Super. 2003) (holding failure to raise challenge to weight of evidence in accordance with Rule 607 constitutes waiver of claim on appeal).  Appellant mentioned "weight of the evidence" generically in his post-sentence motions but the crux of his complaint and his request for acquittal are consistent only with a challenge to the sufficiency of the evidence. ***See Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745 (2000) (explaining differences between challenge to weight of evidence and sufficiency of evidence; distinction between those complaints is critical).

J-S01037-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

Commonwealth of Pennsylvania     :     CP-51-CR-0000697-2013

    :

v.     :

Daniel Nieves     :     SUPERIOR COURT
NO. 2851 EDA 2014

**FILED**

MAR 2 3 2015

Criminal Appeals Unit
First Judicial District of PA


CP-51-CR-0000697-2013 Comm. v. Nieves, Daniel
Opinion

7272861671

OPINION

Ehrlich, J.

Daniel Nieves, hereinafter Appellant, was found guilty of aggravated assault, simple assault, and recklessly endangering another person ("REAP") after a non-jury trial on June 13, 2014.[1]

The charges stem from an assault in J.R. Groceries in the West Kensington section of Philadelphia on December 8, 2012. Appellant was sentenced on August 29, 2014, to a term of five to fifteen years' incarceration. A timely appeal followed.

On appeal, Appellant avers three points of error:

I.     The trial court erred when it held that appellant's own statements regarding his involuntary intoxication were insufficient in and of themselves to sustain, by a preponderance of the evidence, the defense of involuntary intoxication in a non-DUI case under the law of the Commonwealth of Pennsylvania.

II.     The trial court erred when it held that appellant was required to present medical records, medical tests, evidence of his condition while in police custody, or expert testimony, to prove, by a preponderance of the evidence, the defense of involuntary

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), and 2705, respectively.

intoxication in a non-DUI case under the law of the Commonwealth of Pennsylvania.

III.     The trial court erred in finding appellant guilty of aggravated assault, simple assault, and recklessly endangering another person, where appellant's involuntary intoxication negated the *mens rea* necessary to sustain a verdict of guilt for each of the charges.

Appellant's Pa.R.A.P. 1925(b) Statement.

As will be discussed below, these claims are without merit. Accordingly, no relief is due.

<u>The Evidence</u>

*Commonwealth's Case*

Christina Santos owns and operates J.R. Groceries, which is located at 133 West Huntingdon Street in Philadelphia. Notes of Testimony ("N.T."), 06/05/2014, at 9. Ms. Santos first saw Appellant on December 29, 2012, when he came into her store that morning. *Id.* at 10. He purchased juice, drank it there, and then left the store. *Id.* at 19. Ms. Santos saw Appellant on a security camera making flexing movements with his arms that morning. *Id.* She had also seen Appellant in the store several times before. *Id.* at 21. Ms. Santos testified that Appellant had never caused any trouble in the past and always paid for his purchases. *Id.* At approximately 3:45 p.m. on December 29, Ms. Santos was in the store alone when Appellant returned. *Id.* at 9. She was walking towards the counter when he said "come here." *Id.* at 10. She didn't respond. He then grabbed her by both arms and started to punch her with his fist. *Id.* She remembered falling to the ground as he continued his attack. *Id.* at 10–11. The police took Ms. Santos to the hospital for treatment and to interview her. *Id.* at 14. She received four stitches in her left eyebrow and two stitches on her right upper lip. *Id.* Ms. Santos testified that she now suffers from high blood pressure and has a diminished sense of taste and smell. *Id.* at 15–16. Ms. Santos did not reopen her store following the incident, testifying that she was afraid to be in the store. *Id.* at 25.

- 2 -

Detective Charles Buck, of East Detective Division, interviewed Ms. Santos at Temple University Hospital that day. *Id.* at 27. He observed multiple bruises and lacerations on her face, as well as a swollen eye. *Id.* at 28. Detective Buck testified that Ms. Santos was emotional and crying when he spoke with her. *Id.* at 29.

## *Defense Case*

Appellant testified that on December 29, 2012, he was at Spolito's Bar, around the corner from J.R. Groceries. *Id.* at 32. Appellant was playing pool and stepped outside to smoke a cigarette. *Id.* He realized he did not have any cigarettes, and asked two women if he could get a cigarette from them. *Id.* One of the women said she would save him some of the cigarette she was smoking. *Id.* at 33. She handed him her partially smoked cigarette and he smoked it. *Id.* He then testified that he was "…sitting there staring. I'm staring, just staring." *Id.* The women then sat him down on a stoop and took money from his pockets. *Id.* at 34. He testified that he remembers nothing after the women walked away, until he was in police custody. *Id.* at 35. He claimed he did not remember going to J.R. Groceries, attacking Ms. Santos, or getting arrested. *Id.* He believed there was something in the cigarette, and that he was drugged. *Id.* at 36. Appellant acknowledged that he was not forced to drink that day or to smoke a cigarette. *Id.* at 38.

## Discussion

Each of Appellant's contentions on appeal refer to this court's rejection of Appellant's defense of involuntary intoxication. The appellate courts of Pennsylvania, however, have not recognized the defense of involuntary intoxication. Moreover, Appellant failed to meet the preponderance of the evidence standard required to establish involuntary intoxication. For these reasons, Appellant's claims are without merit.

Pennsylvania courts have not formally recognized the defense of involuntary intoxication beyond driving under the influence ("DUI") cases. *Commonwealth v. duPont*, 860 A.2d 525, 536–37 (Pa. Super. 2004); *see also Commonwealth v. Kuhn*, 475 A.2d 103, 110 (Pa. Super. 1984) (Montemuro, J., concurring) ("No Pennsylvania case has ever held that the defense of involuntary intoxication is a viable one."). Although courts have discussed it in a theoretical or abstract sense, the law of this Commonwealth does not recognize such a defense in non-DUI cases. *Commonwealth v. Griscom*, 600 A.2d 996, 997 (Pa. Super. 1991).

Even if this court accepted involuntary intoxication as a defense, Appellant's claim is still without merit, because he did not meet the requisite burden of proof. "[W]hen a defense is asserted that relates to the defendant's mental state . . . the general rule is that the defendant has the burden of proving the defense by a preponderance of the evidence." *Commonwealth v. Collins*, 810 A.2d 698, 701 (Pa. Super. 2002).

A preponderance of the evidence is defined as the greater weight of the evidence. *Commonwealth v. Brown*, 567 Pa. 272, 283-84, 786 A.2d 961, 968 (2001). In jury instructions, this has been described as follows: "if you take a scale that's even, to tip it slightly is the criteria or requirement for preponderance of the evidence, which, as you can appreciate, is by the greater weight of the evidence." *Id.* at 283, 786 A.2d at 968; *see also Commonwealth v. Wayne*, 553 Pa. 614, 640, 720 A.2d 456, 468 (1998). The standard jury instructions for involuntary intoxication note that: "[P]roof to a preponderance means that the defendant must prove to you that it is more likely than not that he/she was involuntarily intoxicated." Pa. SSJI (Crim), §8.308C (2008).

This court relied on precedent in determining whether Appellant had presented enough evidence to meet this burden. In *Commonwealth v. Smith*, the defendant asserted a defense of involuntary intoxication based on a mixture of alcohol consumption and use of an analgesic patch.

- 4 -

831 A.2d 636, 637 (Pa. Super. 2003). There, defendant stated that she had not read the warning label and was unaware of the effects of drinking alcohol while using the patch. *Id.* at 638. The Superior Court concluded that if the defense of involuntary intoxication is to be successful, "Appellant must show that the combination [of drugs and alcohol] is capable of causing the extreme intoxication which is alleged. The trial court cannot take judicial notice of this fact." *Id.* at 641. The defendant in *Smith* had only her own testimony in support of this defense, and the Court found this insufficient to establish involuntary intoxication by a preponderance of the evidence. *Id.*

Similarly, in the instant case, Appellant's only offer of evidence in support of his defense of involuntary intoxication was his own self-serving testimony. No expert testimony or medical records were presented to demonstrate Appellant's purported intoxication. Appellant himself testified very little regarding the effects of the cigarette on him, other than relating that he had blacked out. This evidence, taken alone, does not meet the burden of preponderance of the evidence.

This court, as the finder of fact, was required to determine whether the Commonwealth met its evidentiary burden in proving Appellant guilty beyond a reasonable doubt. This court was also required to determine whether Appellant met the burden of proving his defense of involuntary intoxication by a preponderance of the evidence. As the verdict makes clear, the Commonwealth's burden was met; the Appellant's was not.

Appellant's final claim on appeal would seem to be challenging the sufficiency of the evidence determination made by this court.

The standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material

- 5 -

element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Thompson*, 93 A.3d 478, 489 (Pa. Super. 2014) (quoting *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000) (internal citations omitted)).

A conviction may be sustained on wholly circumstantial evidence, and the trier-of-fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Burton*, 2 A.3d 598, 601 (Pa. Super. 2010) (quoting *Commonwealth v. Galvin*, 603 Pa. 625, 634–35, 985 A.2d 783, 789 (2009)). Any doubts as to a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

Appellant was convicted of aggravated assault, which is defined, in relevant part, as follows:

§ 2702. Aggravated Assault

(a) Offense Defined. -- A person is guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S.A. § 2702.

Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Appellant was also convicted of simple assault, which is defined by statute:

- 6 -

§ 2701. Simple Assault

(a) Offense defined. -- Except as defined under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

18 Pa.C.S.A. § 2701.

Bodily injury is defined as "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

Finally, Appellant was convicted of recklessly endangering another person. The offense is defined by statute as follows:

§ 2705. Recklessly Endangering Another Person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

In the instant case, Ms. Santos testified that Appellant entered her store, grabbed her by the arms, and punched her multiple times. Ms. Santos suffered bruising and lacerations to her face and required medical treatment following the assault. She received stitches in both her lip and eyebrow. She also suffered long-term damage to her sense of smell and taste following the attack. Ms. Santos had seen Appellant multiple times before this incident and was able to readily identify him as her assailant. This evidence was sufficient for the finder of fact to conclude that Appellant was guilty of aggravated assault, simple assault, and reckless endangerment.

"In evaluating the sufficiency of the evidence in a criminal case, the test to be employed is whether the finder of fact could reasonably have found that all elements of the crime charged had been proved beyond a reasonable doubt." *Commonwealth v. Richbourg*, 394 A.2d 1007, 1010 (Pa. Super. 1978). Here, eyewitness testimony from the complainant identified Appellant as the man

- 7 -

responsible for beating her. She had met him before, as he was a fairly regular customer in her grocery store. Appellant's only testimony claimed that he has no memory of the incident that afternoon.

This court relied on evidence presented at trial, as well as case law presented by the Commonwealth and defense regarding involuntary intoxication. Further, this court determined that Appellant's self-serving statement alone, without any other evidence provided to corroborate his theory of involuntary intoxication, was not sufficient to meet the preponderance of the evidence standard. Moreover, given all the testimony and evidence presented, it was reasonable for the fact finder to conclude that Appellant was guilty of the crimes charged.

For the reasons discussed herein, Appellant's assertion of the defense of involuntary intoxication is without merit, and the ruling of this court should be upheld.

## Conclusion

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of Appellant's request for relief. For the reasons set forth above, the judgment of the trial court should be affirmed.

J.

*Commonwealth v. Daniel Nieves*

CP-51-CR-00000697-2013
2851 EDA 2014

## AFFIDAVIT OF SERVICE

    I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Defense Attorney:    Leo M. Mulvihill Jr., Esquire
    2424 East York Street, Suite 316
    Philadelphia, PA 19125

Type of Service:    (x) First Class Mail    ( ) Certified    ( ) Personal Service

District Attorney:    Hugh J. Burns Jr., Esquire
    Chief, Appeals Unit
    Philadelphia District Attorney's Office
    Three South Penn Square
    Philadelphia, PA 19107

Type of Service:    (x) Inter-Departmental Mail  ( ) Certified    ( ) Personal Service

Date:    March 23, 2015

Samuel M. Shea III, Esquire
Law Clerk to the Honorable Charles A. Ehrlich