**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Teri Rita MYERS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1998.

Filed Dec. 8, 1998.

Reargument Denied Feb. 8, 1999.

---

Burton A. Rose, Philadelphia, for appellant.

Louis G. Stesis, Asst. Dist. Atty., Media, for Com., appellee.

Before KELLY, EAKIN and OLSZEWSKI, JJ.

EAKIN, J.:

Teri Rita Myers appeals from the judgment of sentence entered following her conviction for aggravated assault. We affirm.

Appellant shared an apartment with her boyfriend, Osama El Seher, until an argument led to appellant's decision to move out. She returned a week later with a handgun, and confronted El Seher inside the apartment. The two discussed their relationship, engaged in sexual intercourse, then had another argument which led appellant to draw her handgun and shoot El Seher through the neck; he survived, but suffered extensive nerve damage.

Appellant was arrested and tried for attempted murder, aggravated assault, and possession of an instrument of crime. A jury found her guilty of aggravated assault, and acquitted her of the remaining charges. She was sentenced to prison for five to ten years, and this appeal follows.

Appellant raises two issues, both challenging the propriety of the trial court's instructions to the jury. She claims the trial court: (1) improperly refused to give a jury instruc-

tion on homicide by accidental misadventure; and (2) erred in failing to instruct the jury that, to convict for aggravated assault, a defendant must have acted with a heightened state of recklessness amounting to malice.

 Appellant first argues the trial court erroneously refused to instruct the jury on the defense of homicide by accident or misadventure. This defense excuses a killing where the slayer is doing a lawful act, unaccompanied by any criminally careless or reckless conduct. *Commonwealth v. Legg*, 551 Pa. 437, 711 A.2d 430, 432 n. 2 (Pa.1998) (citing *Commonwealth v. Hobson*, 484 Pa. 250, 398 A.2d 1364, 1368 (Pa.1979)). In order to be entitled to such a charge, the act which causes death must be lawful, done with reasonable care and due regard for the lives of others, and an accident without design or intent. *Commonwealth v. Duffy*, 355 Pa.Super. 145, 512 A.2d 1253, 1260 (Pa.Super.1986), *appeal denied*, 514 Pa. 641, 523 A.2d 1130 (Pa.1987). Upon reviewing the record, we find the evidence did not demand this charge.

Although appellant claimed she shot the victim accidentally, the trial evidence indicated otherwise. The revolver was cocked, not just fired, showing appellant accomplished two independent physical acts to fire the gun, the coincidence of which belies an accident. The trajectory of the bullet was downward through the victim's body, through the couch where he was sitting and into the wall behind him; appellant was obviously standing above the victim, pointing the gun at him, inconsistent with an accident and her story.

This evidence shows appellant was not entitled to a misadventure instruction. *See Commonwealth v. Rogers*, 419 Pa.Super. 122, 615 A.2d 55, 62 (Pa.Super.1992) (where the physical evidence is in contradiction to the defendant's testimony, the court may refuse an inapplicable instruction). Further, confronting an argumentative lover with a loaded gun is not an act showing reasonable care and due regard for their life. *Compare Duffy, supra* (lunging for a loaded weapon is not an act done with reasonable care, rendering homicide by misadventure charge inappropriate). This claim rings hollow.

 Appellant next assigns error to the trial court for failing to adequately apprise the jury on the charge of aggravated assault.[1] The standard of reviewing trial court instructions to the jury is well settled:

> When reviewing a challenge to a part of a jury instruction, the Court must review the jury charge as a whole to determine if it is fair and complete. A trial court has broad discretion in phrasing its charge and can choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190, 207 (Pa.1997) (citations omitted).

The trial court instructed the jury on the elements of aggravated assault pursuant to 18 Pa.C.S. 2702(a)(1)[2] as follows:

> In order to find the Defendant guilty of this crime, you must find that the following two elements have been proven beyond a reasonable doubt. One, the Defendant caused serious bodily injury to [the victim]. Serious bodily injury, as I previously indicated, means impairment of physical condition which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impair-

---

1. This issue was never raised at trial by way of objection and is therefore waived. *See* Pa. R.Crim.P. 1119(b) (no portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate); *see also Commonwealth v. Betz*, 444 Pa.Super. 607, 664 A.2d 600, 606 (Pa.Super.1995) (challenge to jury charge waived where defense counsel failed to lodge specific and timely objection), *appeal denied*, 544 Pa. 600, 674 A.2d 1065 (Pa.1996).

Nevertheless, we will review the merits rather than face an ineffectiveness claim later.

2. § 2702. Aggravated Assault

(a) Offense defined. – A person is guilty of aggravated assault if he:

 (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.

ment of the function of any bodily member or organ.

The second element of this crime of Aggravated Assault is the Defendant acted knowing—intentionally, knowingly or *recklessly under circumstances manifesting extreme indifference to the value of human life, provided it is also without lawful justification or excuse.*

A person acts intentionally with respect to serious bodily injury when it is their common—her conscious object or purpose to cause such injury. A person acts knowingly with respect to serious bodily injury when she is aware that it is practically certain that her conduct will cause such a result. *A person acts recklessly with respect to serious bodily injury when she consciously disregards a substantial and unjustifiable risk that serious bodily injury will result from her conduct. The risk must be of such a nature and degree that considering the nature and the intent of the Defendant's conduct and the circumstances known to her, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the Defendant's situation.*

So the first element is the Defendant caused serious bodily injury. Second, acted intentionally, knowingly or *recklessly under circumstances manifesting extreme indifference to the value of human life.* Provided, as I indicated, that it is also without lawful justification or excuse.

N.T., 4/21/97, at 97–98 (emphasis added).

At the jury's request, the trial court reiterated these instructions two additional times during deliberations. Appellant contends these instructions failed to accurately apprise the jury of the heightened state of recklessness amounting to malice necessary to sustain a conviction for aggravated assault. *See Commonwealth v. O'Hanlon,* 539 Pa. 478, 653 A.2d 616, 618 (Pa.1995) ("mere recklessness" is insufficient to support a conviction for aggravated assault because the statute requires a higher degree of culpability, i.e., that which disregards the threat posed to human life by the offending conduct). We recently examined this precise issue in *Com-*

*monwealth v. Nichols,* 692 A.2d 181 (Pa.Super.1997), and explained:

It is well settled that malice must be present to sustain a conviction for aggravated assault. Furthermore, '[w]here malice is based on the recklessness of consequences it is not sufficient to show mere recklessness as codified at 18 Pa.C.S. § 302(b)(3); but rather, it must be shown that the defendant consciously disregarded an *unjustified and extremely high risk* that his actions might cause death or serious bodily harm.'

That is, the phrase 'under circumstances manifesting extreme indifference to the value of human life' modifies 'recklessly' such that reckless conduct not circumstantially manifesting such indifference will not support an aggravated assault conviction under this subsection.

*Id.* at 186 (citations omitted) (emphasis in original).

Against this backdrop, we found the *Nichols* court's instructions on the elements of aggravated assault deficient as they informed the jury "if you find that the defendant caused serious bodily injury, then you must be satisfied that, in doing so, he acted intentionally, knowingly or recklessly," but failed to add the language "under circumstances manifesting an extreme indifference to the value of human life." Additionally, we found the trial court in *Nichols* compounded this error by instructing the jury only on the definition of "mere recklessness" in 18 Pa.C.S. 302(b)(3).

Unlike *Nichols,* the trial court instruction included the critical language "recklessly under circumstances manifesting extreme indifference to the value of human life." This adequately informed the jury a heightened state of recklessness amounting to malice was required to convict under 18 Pa.C.S. 2702(a)(1). This conclusion is not altered merely because the court defined recklessness in accordance with the Standard Jury Instruction tracking the language of 18 Pa.C.S. 302(b)(3). While the prefatory definition of recklessness in 302(b)(3) does not alone apprise a jury of the malice required for aggravated assault, neither does it negate a more specific instruction of malice other-

wise given. Indeed, the narrow holding of *Nichols* only requires reversal when a trial court fails to include the critical language "recklessly under circumstances manifesting extreme indifference to the value of human life" and instead defines recklessness only in accordance with Section 302(b)(3).

The section of the court's instruction under 302(b)(3), stated "[a] person acts recklessly with respect to serious bodily injury when she consciously disregards *a substantial and unjustifiable risk* that serious bodily injury will result from her conduct." N.T., 4/21/97, at 97–98. This instruction defines only "mere recklessness" and standing alone is deficient with regard to aggravated assault. *Nichols, supra.* The trial court could have replaced *substantial risk* with *extremely high risk,* and the heightened recklessness amounting to malice instruction would have been satisfied. *See Commonwealth v. Fierst,* 423 Pa.Super. 232, 620 A.2d 1196, 1203 (Pa.Super.1993) (where malice is based on recklessness, it must be shown that the defendant consciously disregarded an *unjustified and extremely high risk* that his actions might cause death or serious bodily harm) (emphasis in original). While there is some legal difference between *substantial* risk and *extremely high* risk, it is but a marginal linguistic difference in the ear of a jury—both convey the need for more than a little risk. Given the added repetition of the statutory language "recklessly under circumstances manifesting extreme indifference to the value of human life," the proper standard dominates the charge and makes it more than sufficient.

After reviewing the charge as a whole we are unable to find the trial court abused its discretion, and therefore affirm the judgment of sentence.

Judgment of sentence affirmed.