**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jennie COLLINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 26, 2002.

Filed Nov. 4, 2002.

John R. Merrick, Public Defender, West Chester, for appellant.

Nicholas J. Casenta, Assistant District Attorney, West Chester, for Com.

Before: JOHNSON, BENDER, and POPOVICH, JJ.

JOHNSON, J.:

¶ 1 In this case, we determine whether the trial court erred when it instructed the jury that the defendant must prove the affirmative defense of intoxication by a preponderance of the evidence. Jennie Collins appeals the judgment of sentence imposed following her conviction of Driving Under the Influence of a Controlled Substance (phencyclidine or PCP). She contends that the trial court's jury instruction on involuntary intoxication improperly placed the burden of proof on the defendant and violated Section 301 of the Pennsylvania Crimes Code. We hold that the trial court rightly placed the burden of proof for the affirmative defense of involuntary intoxication on the defendant and conclude, accordingly, that the trial court properly instructed the jury. Accordingly, we affirm the judgment of sentence.

¶ 2 This matter arises out of Collins's involvement in a series of traffic violations in the Borough of West Chester. The evidence at the trial established that, on March 17, 2001, Collins agreed to pick up her friend, Megan Neff, and drive to McDonald's to purchase a milkshake for Collins's mother. On her way to Neff's house, Collins stopped at a mini-market, where she encountered several acquaintances. They invited her to a party in a nearby neighborhood and Collins accepted the invitation. While at the party, Collins drank something that "tasted like fruit punch." Fifteen minutes later, she left the party and went to Neff's residence. Collins arrived at Neff's house and complained that she was suffering from a headache. As the two proceeded to McDonald's, Neff observed that Collins was not engaged in conversation. Without explanation, Collins drove past the McDonald's and straight through five or six stop signs without stopping. Neff began to yell at Collins telling her to stop the vehicle, but Collins gave no indication that she heard Neff. Collins turned the vehicle and began to swerve into oncoming traffic. Shortly thereafter, Collins applied the brake and Neff steered the car off the road. At that point, Collins appeared to lose consciousness. When the police arrived, Collins was slumped over the steering wheel of the car. As ambulance attendants took Collins out of the vehicle, she regained consciousness and began to scream and lash out at the attendants. At the hospital, Collins's urine sample tested positive for phencyclidine or PCP.

¶ 3 The Commonwealth charged Collins with Driving Under the Influence of a Controlled Substance (phencyclidine or PCP) and Failure to Comply With Duties at a Stop Sign. *See* 75 Pa.C.S. §§ 3731(a)(2), 3323(a). At the conclusion of the trial, the jury found Collins guilty of driving under the influence of a controlled substance. The trial court, the Honorable James P. MacElree, found Collins guilty of the summary offense of failing to obey a stop sign and sentenced her to a period of

incarceration of forty-eight hours to twelve months, thirty days electronic home monitoring, Safe Driving Classes, and a fine. Collins appealed and raises the following issue for our review:

WHETHER THE CURRENT LAW WITH RESPECT TO A DEFENDANT'S BURDEN TO PROVE AN AFFIRMATIVE DEFENSE THAT DOES NOT NEGATE AN ELEMENT OF THE CRIME CHARGED IS IMPROPER AND CONTRARY TO THE PRESUMPTION OF INNOCENCE AND SECTION 301 OF THE PENNSYLVANIA CRIMES CODE?

Brief for the Appellant at 4.

¶ 4 At the outset, it is important to note that the issue of whether involuntary intoxication is a defense to a DUI charge is unclear in Pennsylvania. *See* Committee Note, PA.S.S.J.I.Crim. 8.308(c) (stating that "[t]he existence and scope of the defense of involuntary intoxication is not yet fully established in Pennsylvania law."); *see also Commonwealth v. Griscom,* 411 Pa.Super. 49, 600 A.2d 996, 997 (1991) (concluding that the Pennsylvania appellate courts have not determined involuntary intoxication to be a viable defense against a DUI charge).

■ ¶ 5 Collins asserts that the trial court erred when it did not use the standard jury instructions for involuntary intoxication. Brief for Appellant at 12–13. We disagree with this assertion. This Court's standard of review for a trial court's instructions to the jury is well established. *See Commonwealth v. Myers,* 722 A.2d 1074, 1076 (Pa.Super.1998).

When reviewing a challenge to a part of a jury instruction, the Court must review the jury charge as a whole to determine if it is fair and complete. A trial court has broad discretion in phrasing its charge and can choose its own wording so long as the law is clearly,

adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Id.* (citing *Commonwealth v. Hall,* 549 Pa. 269, 701 A.2d 190, 207 (1997)).

¶ 6 The Pennsylvania Suggested Standard Criminal Jury Instructions for involuntary intoxication state, in pertinent part:

(1) [t]he defendant has asserted an involuntary intoxication defense. When this defense is raised the Commonwealth has the burden of proving beyond a reasonable doubt that the defense is not available to the defendant.

(2) The defense of involuntary intoxication is available to a person if at the time of committing an act, the person's faculties were so impaired as the result of involuntary intoxication, unable to understand the nature and quality of his or her act or to distinguish between right and wrong with respect to the act—in other words either unable to know what he or she was doing or to judge that it was wrong.

(3) A person's intoxication is involuntary [if he or she was compelled by force or threats to consume or use the [alcohol] [or] [drugs] which caused the intoxication] [if he or she was induced by trickery or deception to consume or use the [alcohol] [or] [drugs] that caused the intoxication without knowledge of its identity or intoxicating nature].

Pa.S.S.J.I.Crim. 8.308(C)(1)-(3). The trial court in its Rule 1925(a) opinion, states that it reviewed the standard charge and determined that the burden of proof contained in subsection one is not applicable when intoxication is an element of the defense. Trial Court Opinion, 5/16/02, at 8; *see also Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724, 729 (1978). The

trial court further opined that "subsection two of the charge was [inapplicable] to the facts of [the] case because there was no evidence of record concerning [Collins's] ability to understand the nature and quality of her act or to distinguish between right and wrong." Trial Court Opinion, 5/16/02, at 8. The trial court determined that subsection three was the most factually relevant portion of the standard charge and, as a result, incorporated the pertinent language into the jury instructions. Trial Court Opinion, 5/16/02, at 8. After carefully reviewing the record, we find no error in the trial court's conclusions.

■■■ ¶ 7 The laws of this Commonwealth did not require the trial court to use the standard jury instructions, but instead to inform the jury of the applicable law. *Myers,* 722 A.2d at 1076. This Court has granted trial courts broad discretion in phrasing a jury charge. *See id.* Our main concern is that the charge clearly, adequately, and accurately presents the law to the jury for its consideration. *See id.* Accordingly, we conclude that the trial court did not err when it declined to use a portion of the standard jury charge for involuntary intoxication.

■■ ¶ 8 Collins also asserts that the trial court erred when it instructed the jury that the law required Collins to prove the affirmative defense of intoxication by a preponderance of the evidence. Brief for Appellant at 12. It is well established that "an accused in a criminal case is clothed with a presumption of innocence." *Commonwealth v. Bishop,* 472 Pa. 485, 372 A.2d 794, 796 (1977). The Commonwealth bears the burden of proving guilt beyond a reasonable doubt as to every element of the crime. *See id.* The Commonwealth's failure to maintain this burden of proof will result in the acquittal of the accused. *See id.* This Court has long held that the burden of proving an affirmative defense

that relieves the accused of criminal responsibility, but does not negate an element of the offense charged may be placed on the defendant. *See Hilbert,* 382 A.2d at 729. Thus, when a defense is asserted that relates to the defendant's mental state or information that is peculiarly within the defendant's own knowledge and control, the general rule is that the defendant has the burden of proving the defense by a preponderance of the evidence. *See Commonwealth v. Rishel,* 441 Pa.Super. 584, 658 A.2d 352, 355 (1995), *reversed on other grounds* 545 Pa. 297, 681 A.2d 162 (Pa. 1996).

¶ 9 The record indicates that the trial judge informed the jury of the elements of the crime charged and the Commonwealth's burden of proof, and instructed the jury that Collins had the burden of proving the affirmative defense of involuntary intoxication by a preponderance of the evidence. N.T. Trial, 3/5/02, at 204–210. The record also documents that the trial judge clearly admonished the jury that it had to find that the Commonwealth had met its burden of proof on the charge of driving under the influence, before considering the involuntary intoxication defense. N.T. Trial, 3/5/02, at 208–210. Thus, we find that the trial court's jury instructions adequately apprised the jury of the applicable law and analytical framework.

¶ 10 Collins further asserts that the trial court should have required the Commonwealth to prove that she voluntarily ingested the controlled substance. Brief for Appellant 15–16. We disagree. Section 3731 states, in pertinent part:

§ 3731. **Driving under influence of alcohol or controlled substance**

(a) **Offense defined.** A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

❋ ❋ ❋ ❋ ❋ ❋

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.

75 Pa.C.S. § 3731(a)(2). Therefore, in order to sustain a conviction under Section 3731(a)(2), the Commonwealth had to prove beyond a reasonable doubt that Collins was: (1) driving, operating or physically controlling the movement of a vehicle and (2) that while operating the vehicle, Collins was under the influence of a controlled substance to such a degree as to render her incapable of driving safely. *See Commonwealth v. Palmer,* 751 A.2d 223, 228 (Pa.Super.2000).

¶ 11 Collins's arguments would require this Court to engraft an additional element—namely voluntariness—into the DUI statutory scheme. However, the statute does not make use of the terms "intentionally," "knowingly" or "willfully." Therefore, the Commonwealth was not required to prove that Collins's intoxication was intentional or voluntary. *See Commonwealth v. Hennemuth,* 294 Pa.Super. 360, 439 A.2d 1241, 1243 (1982) (citing *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959)) (concluding that "the legislature, by virtue of its police power, may define a crime so that proof of criminal intent is not necessary.").

¶ 12 Moreover, it would be unduly burdensome for the Commonwealth to prove whether Collins voluntarily ingested the controlled substance because the Pennsylvania Rules of Criminal Procedure do not require the defendant to disclose an intention to assert the defense of involuntary intoxication until trial. *See* Pa.R.Crim.P. 573(C)(1)(a), (b). Under Pennsylvania Rule of Criminal Procedure 573, a defendant must disclose the assertion of certain defenses, such as alibi or insanity, before the commencement of a trial, thereby giving the Commonwealth notice and the opportunity to prepare its case in chief. *See* Pa.R.Crim.P. 573(C)(1)(a), (b). The defense of involuntary intoxication is not one of the enumerated defenses that must be disclosed. *See* Pa.R.Crim.P. 573(C)(1)(a), (b). As a result, the Commonwealth's ability to disprove this defense is significantly handicapped. Accordingly, we find that the trial court did not err when it placed the burden of proof for the affirmative defense of involuntary intoxication on Collins.

■ ¶ 13 Collins also contends that the trial court's jury instructions violated Section 301 of the Pennsylvania Crimes Code. Brief for Appellant at 14–15. We find this argument to be unpersuasive. Section 301 states, in pertinent part:

§ 301. **Requirement of voluntary act**

**(a). General rule.**—A person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or the omission to perform an act of which he is physically capable.

18 Pa.C.S. § 301. Collins's reliance on Section 301 is misguided because Section 301 is inapplicable to the disposition of the present case. Section 305 of the Pennsylvania Crime Codes states in pertinent part:

§ 305. **Limitation on scope of culpability requirements**

**(a). When culpability requirements are inapplicable to summary offense defined by other statutes.**—The requirements of culpability prescribed in section 301 of this title (relating to requirement of voluntary act)...do not apply to:

\*   \*   \*   \*   \*   \*

(2) offenses defined by statutes other than this title, in so far as a legislative

purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.

18 Pa.C.S. § 305. Section 305 clearly establishes that the voluntary act requirement articulated in Section 301 relates only to offenses defined in Title 18. The statutory elements of Driving Under the Influence are provided in Title 75, therefore this offense is presumptively exempt from the voluntary requirements of Section 301. *See* 75 Pa.C.S. § 3731(a)(2). Moreover, as discussed above, the statutory language found in 75 Pa.C.S. Section 3731(a)(2) omits any reference to culpability. We interpret this omission to mean that the legislature intended Driving Under the Influence to be a strict or absolute liability offense. Therefore, we conclude that the trial court's jury instructions did not violate the voluntary act requirement of Section 301.

¶ 14 For the foregoing reasons, we affirm the judgment of sentence.

¶ 15 Judgment of sentence **AFFIRMED.**