J-S12015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISRAEL POLANCO-CANO | : | |
| | : | |
| Appellant | : | No. 1598 MDA 2018 |

Appeal from the PCRA Order Entered September 11, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005802-2015

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED JULY 17, 2019**

Israel Polanco-Cano appeals from the order that denied his petition filed

pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We previously offered the following summary of the facts that underlie

Appellant's convictions.

> On October 2, 2015, officers from the Lancaster City Bureau
> of Police were dispatched to a residence where a disturbance had
> been reported. When Officer Steven Alexander arrived on the
> scene, he located [Sonia Rodriguez] who had multiple stab
> wounds to her head, ear, neck, forearms, chest and shoulders.
> Another officer on the scene located the suspect, later identified
> as [Appellant], with blood-covered arms and lacerations to his
> right hand. The victim identified [Appellant] as her assailant,
> claiming that he had stabbed her with a knife almost [twenty-five]
> times when he refused to leave her friend's apartment at her
> request. The police searched [Appellant] and found seven small
> bags of heroin on his person. The victim underwent emergency
> surgery for the severe stab wounds to her body.

***Commonwealth v. Polanco-Cano***, 175 A.3d 1105 (Pa.Super. 2017).

Appellant was charged with *inter alia*, attempted homicide and aggravated assault. On November 2, 2016, Appellant proceeded to a jury trial and was found guilty. Sentencing was deferred so that a pre-sentence investigation ("PSI") report could be prepared.

On February 6, 2017, the trial court sentenced Appellant to sixteen to forty years of imprisonment for attempted homicide and a concurrent six to twelve years of incarceration for aggravated assault. Appellant did not file a post-sentence motion, but did file a direct appeal challenging his sentence. On August 22, 2017, we affirmed Appellant's convictions, but vacated Appellant's judgment of sentence on the aggravated assault charge, since it should have merged with attempted homicide for sentencing purposes. ***Id***.

Appellant filed a timely, *pro se* PCRA petition. Appointed counsel filed an amended PCRA petition challenging trial counsel's failure to request an involuntary intoxication jury instruction and to argue that defense at trial. The Commonwealth responded with its answer. The PCRA court held an evidentiary hearing, where Appellant's trial counsel testified. Appellant and the Commonwealth submitted post-hearing briefs, and the court denied the petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his brief, Appellant raises the following issue for our review: "Whether the court below erred in denying post-conviction relief where trial

counsel failed to request an instruction on involuntary intoxication and failed to argue the defense in closing." Appellant's brief at 4.

We begin with the principles pertinent to our review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's claims relate to allegations that trial counsel rendered ineffective assistance. Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113.

First, Appellant contends that trial counsel was ineffective in failing to request an involuntary intoxication jury instruction. The PCRA court dismissed this claim as meritless. We discern no abuse of discretion for the reasons that follow.

Appellant has not provided any Pennsylvania authority that suggests that his claim has arguable merit. In Pennsylvania, neither our courts nor our legislature has recognized the doctrine of involuntary intoxication, except in cases involving driving under the influence ("DUI") charges. **See Commonwealth v. DuPont**, 860 A.2d 525 (Pa.Super. 2004) (finding that an appellant could not demonstrate arguable merit for failure to pursue a defense of involuntary intoxication because no appellate decision under Pennsylvania law has affirmatively acknowledged the existence of such a defense); **Commonwealth v. Kuhn**, 475 A.2d 103, 110 (Pa.Super. 1984) ("No Pennsylvania case has ever held that the defense of involuntary intoxication is a viable one.").

In his brief, Appellant concedes that Pennsylvania courts have only allowed an involuntary intoxication defense instruction in DUI cases, but nonetheless argues that counsel was ineffective for not asking for one, because "there is no logical reason why it should not apply to other factual scenarios" based on **Commonwealth v. Collins**, 810 A.2d 698 (Pa.Super. 2002). Appellant's brief at 10. In **Collins**, we considered whether the trial court gave an improper involuntary intoxication instruction in a DUI case. **Collins**, **supra** at 700. We stated that it was not clear whether such a defense was even recognized in Pennsylvania, although we did not find error in the trial court's jury instruction. **Id**. at 700–01. Importantly, the involuntary intoxication defense standard jury instruction at issue in **Collins** specifically

- 4 -

states that it is only applicable to DUI offenses. **See** Pa.S.S.J.I. (Crim.) 8.308(C)(1)-(3). Therefore, the case upon which petitioner relies does not lend support to his claim that involuntary intoxication is a recognized defense in Pennsylvania. At most, he has shown that such a defense would be warranted in a DUI case, not in an attempted murder case.

Assuming *arguendo* that the involuntary intoxication defense would have applied in this case, the record does not support its issuance. In Pennsylvania, it is well-settled that jury instructions regarding specific defenses and offenses are not warranted unless there is evidence to support such instructions. **Commonwealth v. Washington**, 692 A.2d 1024, 1028 (Pa. 1997). In his brief, Appellant relies solely on his own trial testimony to allege that he was "unknowingly drugged," and that the drugs made him "crazy and assaultive," such that the attack "wasn't his fault" and an involuntary intoxication instruction was warranted. Appellant's brief at 13. The PCRA court found that Appellant's reliance on his own "self-serving testimony," without any corroboration, was fatal to his claim. PCRA Court Opinion, 9/11/18, at 7. The record supports the PCRA court's determination.

At trial, the victim testified that she observed Appellant place crack cocaine on the table and cut it up with a knife that he had in his pocket, before placing it in a glass tube and smoking it. N.T. Trial, 11/2/16, at 105-07. She also saw Appellant smoke K2, while drinking alcohol. *Id*. Physical evidence corroborated her testimony, since police discovered a knife on the footpath

where Appellant was standing and lab results indicated that crack cocaine was present in Appellant's system. N.T. Trial, 11/3/16, at 137-38, 152. When Appellant testified, he initially denied consuming any drugs or alcohol. *Id*. at 210, 214-15. However, once confronted with his own lab results and the fact that police found seven small bags of heroin on his person, Appellant admitted to consuming both alcohol and drugs that night. *Id*. at 214-15. Appellant explained that the crack cocaine may have gotten into his system when he inhaled a cigarette that someone gave him, but that he did not know how he came to have heroin in his pockets. *Id*. at 214, 218-19.

Appellant has provided no direct evidence that would support a defense of involuntary intoxication, other than his own conflicting statements, which the PCRA court found to be incredible. Trial Court Opinion, 9/11/18, at 7. Even if Appellant's testimony had been believed, it was not enough to support an involuntary intoxication instruction without corroboration. ***Commonwealth v. Smith***, 831 A.2d 636, 637 (Pa.Super. 2003) (finding a defendant's testimony alone insufficient to justify an involuntary intoxication defense without expert testimony to establish the effect that the combination of drugs would have had on the user). At most, Appellant's testimony lends itself to a voluntary or diminished capacity defense, which was also not an

available defense in this case.[1] As such, we find no error with the PCRA court's determination that, even if trial counsel had requested the involuntary intoxication instruction, it would have been improper to read it to the jury. Trial Court Opinion, 9/11/18, at 7. As Appellant has failed to establish arguable merit or prejudice, no relief is due on this issue.

Next, Appellant claims that trial counsel was ineffective for failing to argue an involuntary intoxication defense in his closing argument. The PCRA court addressed Appellant's contention as follows.

> Based upon the totality of the record, the court further finds that defense counsel had a reasonable basis in the chosen defense strategy at trial. At the evidentiary hearing held relative to this post-conviction matter, [Appellant's] counsel testified that multiple defenses were considered and [counsel] felt that under the facts, not being able to substantiate with any expert testimony the ingestion of any drugs, either voluntary or involuntary, that self-defense was the strongest position. As the affirmative defense of involuntary intoxication has never been recognized by the [c]ourts of this Commonwealth as applicable to offenses other than [DUI], any decision by trial counsel to pursue such an affirmative defense would be lacking in sound judgment. Additionally, it must be recognized that trial counsel's chosen strategy to pursue a justification defense incorporated the totality of the attendant circumstances, the lack of any scientific evidence, and the discussions that counsel had with the defendant prior to the commencement of trial. Stated another way, trial counsel

_____

[1] The applicability of the voluntary intoxication defense in an attempted homicide was addressed in **Commonwealth v. Williams**, 730 A.2d 507 (Pa. 1999). In **Williams**, a defendant filed a PCRA petition claiming ineffectiveness for counsel's failure to investigate and locate witnesses to his voluntary inebriation as a defense. In rejecting the defendant's argument, the Court reasoned that a voluntary intoxication defense is only allowed when it reduces murder from a higher degree to a lower degree of murder. **Id**. at 511 (citing to 18 Pa.C.S. § 308). Since attempted murder cannot be mitigated to a lower degree of attempted murder, it found the defense to be inapplicable. **Id**.

credibly testified that the defendant never told counsel prior to trial that he had been drugged, but, instead, told counsel that he had willingly used cocaine and alcohol while in the home with the victim prior to the alleged offense. In response to the court's inquiry, trial counsel testified that prior to trial he had not felt that [he] had any kind of reliable or credible evidence of involuntary intoxication and did not expect to have any evidence presented that would have gone to the involuntary intoxication. Accordingly[,] counsel cannot be deemed as ineffective for failing to anticipate that [Appellant] would present testimony under cross-examination at trial, which was facially inconsistent with the discussions he had with counsel prior to trial and with the testimony he offered on direct examination.

PCRA Court Opinion, 9/11/18, at 8-9 (citations and quotation marks omitted).

We discern no basis to disturb the PCRA court's determination. The record supports its recitation of the facts. **See** N.T. PCRA Hearing, 5/3/18, at 10-12, 18 (trial counsel testifying that he felt that self-defense was the strongest theory, as Appellant told him that he voluntarily consumed drugs and alcohol and his physical injuries supported a self-defense argument). Counsel's decision was reasonably designed to effectuate Appellant's interests. Accordingly, no relief is due.

Appellant has not met his burden of convincing this Court that the PCRA court's rulings were the product of an abuse of discretion or an error of law warranting relief from this Court. **See Miner**, **supra** at 688. Therefore, we affirm the order denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/17/2019</u>