J-S04011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CATHY JEAN REISINGER :
:
Appellant : No. 864 MDA 2020

Appeal from the Judgment of Sentence Entered June 9, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000266-2019

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED MAY 04, 2021**

Appellant, Cathy Jean Reisinger, appeals from the June 9, 2020 judgment of sentence imposing 48 hours to 6 months' incarceration following Appellant's conviction, in a non-jury trial, for driving under the influence – general impairment ("DUI") and DUI with accident.[1] We affirm.

The trial court summarized the factual history as follows:

Around 6:15[ p.m.,] on July 2, 2018, Officer [Evan] Shipley [("Officer Shipley")[2]] responded to the scene of [an accident] in the 400 block of West Main Street in Mechanicsburg[,

_____

[1] 75 Pa.C.S.A. § 3802(a)(1) (2 counts). The trial court found Appellant not guilty of careless driving, 73 Pa.C.S.A. § 3714(a), because the crime was "subsumed in [Appellant's DUI and DUI with accident convictions]" and "because [the trial court] thought [the charge of careless driving] was redundant." Trial Court Order, 2/13/20; **see also** Trial Court Opinion, 10/23/20, at 1 n.1.

[2] Officer Shipley was a patrol officer with the Mechanicsburg Borough Police Department. N.T., 2/11/20, at 11.

Pennsylvania]. He arrived to find that [Appellant's] vehicle had struck a parked car. The fire department and [emergency medical services] were already on scene tending to the occupants of [Appellant's] vehicle.

Officer Shipley spoke with the [] passenger [in Appellant's vehicle]. He learned that she and [Appellant] had been drinking at [a bar] in Mechanicsburg. They each had two Long Island iced tea[ cocktails] in little more than an hour. Each drink contained about 5[ to ]7 shots of alcohol. They left in [Appellant's vehicle] with [Appellant] driving. [The passenger] leaned back in the passenger seat [of the vehicle] when she suddenly realized that [the vehicle] had hit something really hard. The impact caused the airbags to deploy [inside the vehicle].

[The vehicle] collided with a parked car, which was totaled by the impact. [Appellant and the passenger] were both taken to the hospital. Due to [Appellant's] injuries, [Officer Shipley] was unable to have [Appellant] perform field sobriety tests. Nevertheless, based upon on his investigation, Officer Shipley [charged Appellant with, *inter alia*, the aforementioned crimes].

At a bench trial, the [] passenger[ and Officer Shipley] testified to the above facts. [Appellant] also testified in her own defense. [Appellant] confirmed the details of [the passenger's] testimony. [Appellant] claimed that a dog ran onto the road[way] which caused several vehicles, including her[ vehicle], to slow to a stop. At that point, an unidentified vehicle pulled out of [a] parking area and [struck] her vehicle which then caused her [vehicle] to [strike] the parked car. [The trial court] did not find her testimony to be credible.

Based on the testimony of [Officer Shipley] and [the passenger], as well as [Appellant's] own admission to drinking two very strong alcoholic beverages before driving, [the trial court] found [Appellant] guilty of [the aforementioned crimes. The trial court] sentenced [Appellant] to the mandatory minimum [sentence] of 48 hours[ to ]6 months['' incarceration] in the Cumberland County Prison.

Trial Court Opinion, 10/23/20, at 1-4 (footnotes and extraneous capitalization omitted). This appeal followed.[3]

Appellant raises the following issue for our review:

> Was the evidence sufficient to establish beyond a reasonable doubt that Appellant was incapable of safe driving, an element of DUI [and DUI] with accident, in particular, wherein Appellant was found not guilty of careless driving, which required proof that one "drive a vehicle in careless disregard for the safety of persons or property?"

Appellant's Brief at 6 (extraneous capitalization omitted).

Our standard and scope of review of a challenge to the sufficiency of the evidence is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

---

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004); *see also Commonwealth v. Brown*, 52 A.3d 1139, 1163 (Pa. 2012) (stating that, in reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier[-]of[-]fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)).

> [T]he [trier-of-fact's] individualized assessment of the credibility of the trial evidence is, as a general principle, not to be questioned by an appellate court as part of its review, even if the evidence is conflicting. [C]ourts presume the [trier-of-fact] resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict. [M]ere inconsistency and conflicts in witnesses testimony, by itself, will not furnish a basis for an appellate court to reverse a conviction [] on the grounds of evidentiary insufficiency.

*Brown*, 52 A.3d at 1165 (citations omitted). Rather, the trier-of-fact's resolution will only be disturbed "in those exceptional instances [] where the evidence is so patently unreliable that the [trier-of-fact] was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence." *Id.*, *citing Commonwealth v. Karkaria*, 625 A.2d 1167, 1170 (Pa. 1993). To preserve a sufficiency claim, the appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008).

Section 3802(a)(1) of the Pennsylvania Vehicle Code, in pertinent part, states,

An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating[,] or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

In order to prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him[, or her,] incapable of safe driving. To establish the second element, the Commonwealth must show that alcohol []

substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate[,] or to react prudently to changing circumstances and conditions. Evidence that the driver was not in control of himself[, or herself], such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him[, or her,] incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

**Commonwealth v. Gause**, 164 A.3d 532, 541 (Pa. Super. 2017), *quoting*

**Commonwealth v. Palmer**, 751 A.2d 223, 228 (Pa. Super. 2000), *appeal*

*denied*, 173 A.3d 267 (Pa. 2017).

The types of evidence that the Commonwealth may proffer in a [S]ection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol[;] and slurred speech. . . . The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, [or] expert testimony.

***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009).

Here, Appellant concedes that, "the Commonwealth presented sufficient proof that [she consumed] alcohol prior to driving" her vehicle but contends that there was insufficient evidence establishing that due to Appellant's consumption of alcohol, she was "incapable of safely driving, operating[,] or being in actual physical control of the movement of the vehicle[.]" Appellant's Brief at 18. Appellant asserts that the Commonwealth failed to establish that Appellant showed physical signs of intoxication, such as bloodshot eyes, slurred speech, or an odor of alcohol, or that her conduct demonstrated that she was incapable of safely operating her vehicle. ***Id.*** at 21.[4]

---

[4] Appellant further asserts that the trial court's statement that the careless driving charge was subsumed within her DUI charges meant "that [c]areless [d]riving [was] a 'component element' of DUI analogous to the second element [necessary for a DUI conviction] which is, 'rendered incapable of safely driving.'" Appellant's Brief at 17 (footnote omitted). Appellant argues that if the Commonwealth had established that she were incapable of safely driving her vehicle after consuming alcohol sufficient to support her DUI convictions, the trial court would have convicted her of careless driving, as well. ***Id.*** Appellant's contention is unsupported by statutory authority or case law. Pennsylvania courts have long-held that inconsistent verdicts in a jury, or non-jury trial, are permitted and do not constitute a basis for reversal because an acquittal on a greater overarching offense, or a lessor included offense, may represent, *inter alia*, the fact-finder's exercise of its historic power of lenity. ***See Commonwealth v. Burton***, 234 A.3d 824, 829 (Pa. Super. 2020), *appeal denied*, 2021 WL 1258813 (Pa. 2021) (slip copy).

Moreover, in order to convict a person of careless driving, the Commonwealth must demonstrate that a person drove a vehicle in careless disregard for the safety of persons or property. 75 Pa.C.S.A. § 3714. "The *mens rea* requirement applicable to [Section] 3714, careless disregard, implies less than willful or wanton conduct but more than ordinary negligence or the mere

In convicting Appellant of the aforementioned crimes, the trial court found,

> the evidence presented at trial was sufficient to sustain the conviction[s] beyond a reasonable doubt. First, testimony from both [Appellant] and her passenger established that [Appellant] operated a motor vehicle after drinking between [10] and [14] shots of alcohol in a little over an hour. [Appellant's vehicle] then struck a parked car, causing damage to both vehicles[,] as well as injuries to [Appellant] and her passenger. It was reasonable to conclude that [Appellant] was driving while under the influence of alcohol to a degree that rendered her incapable of safely driving at the time of the accident.

Trial Court Opinion, 10/23/20, at 4.

The record demonstrates that, on the afternoon of July 2, 2018, Appellant and a passenger in her vehicle each consumed two Long Island ice tea cocktails at a bar over a period of time that was between one hour and one hour and fifteen minutes. N.T., 2/11/20, at 5-6, 17. The passenger described each cocktail as being six ounces of fluid that consisted of, *inter alia*, between five and six shots of alcohol. *Id.* at 8. Appellant confirmed that the cocktail consisted of "multiple shots" of alcohol. *Id.* at 17. After consuming the alcoholic beverages, Appellant and her passenger got into Appellant's

---

absence of care under the circumstances." ***Commonwealth v. Ford***, 141 A.3d 547, 556 (Pa. Super. 2016) (citation omitted), *appeal denied*, 164 A.3d 483 (Pa. 2016). DUI is a strict or absolute liability offense which does not require the establishment of culpability. ***Commonwealth v. Collins***, 810 A.2d 698, 703 (Pa. Super. 2002). Therefore, the trial court erred in stating that the crime of careless driving was subsumed within the DUI crime. Nonetheless, this error is of no consequence because Appellant was not convicted of careless driving.

vehicle with Appellant driving. *Id.* at 6. When asked whether she was intoxicated at the time she left the bar, the passenger stated that, she "had a buzz[.]" *Id.* at 10. The passenger stated that upon getting into Appellant's vehicle, she immediately began "going to sleep[.]" *Id.* The passenger testified that she awoke when Appellant's vehicle was impacted to the extent that the air bags in the vehicle deployed. *Id.* at 7. The passenger stated that she did not witness any of the events that led to the accident. *Id.* at 10.

Upon arriving at the accident scene, Officer Shipley stated that, the roadway was a "two-lane roadway divided by a double yellow line" in a mixed residential and business area with lawful parking permitted on both sides of the roadway. *Id.* at 12. Officer Shipley observed that the front passenger side of Appellant's vehicle had struck the rear driver's side portion of a parked vehicle. *Id.* at 13. Officer Shipley described the damage to the parked vehicle as "disabling" and the vehicle as "completely totaled." *Id.* He described Appellant's vehicle as "completely totaled" with the axle of Appellant's vehicle "torn out." *Id.* Appellant was trapped in her vehicle and had to be "extricated from the vehicle by the fire department." *Id.* at 14. After extrication, Appellant was treated by the emergency medical services team in an ambulance, and Officer Shipley observed that she was injured. *Id.* As a result of Appellant's injuries, Officer Shipley was unable to have Appellant perform standard field sobriety testing. *Id.*

Appellant testified that after consuming two alcoholic beverages, she did "not really" feel intoxicated because she had "drank many of [the same

- 8 -

cocktails] before" and had "something to eat earlier" in the day. *Id.* at 17. Appellant stated that, when driving her vehicle, the roadway was congested due to rush hour traffic and that there were several cars traveling in front of her vehicle on the same roadway. *Id.* at 17-18. Appellant stated that she was driving at thirty to thirty-five miles per hour when a dog ran onto the roadway in front of the cars that were ahead of her vehicle. *Id.* at 18. According to Appellant, the dog's actions caused the cars in front of her vehicle, as well as her vehicle, to slow down. *Id.* It was at this moment, Appellant alleged, that a car, which was parked along side the roadway and pointed in the direction of Appellant's lane of travel, pulled out of a parking space and struck Appellant's vehicle. *Id.* The impact of this car striking Appellant's vehicle projected Appellant's vehicle into the driver's side of the parked car. *Id.*

Appellant admitted that shortly before the accident, she consumed two cocktails, each of which were comprised of several shots of alcohol. Appellant's vehicle subsequently impacted the driver's side of a parked car with sufficient force that the air bags in Appellant's vehicle were deployed, Appellant had to be extracted from her vehicle by the fire department, and both vehicles were described as "totaled." In viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, there was sufficient evidence to enable the trial court, as fact-finder, to find that Appellant consumed a sufficient amount of alcohol such that she was unable to safely

drive and operate her vehicle at the time of the accident beyond a reasonable doubt.  Therefore, Appellant's issue is without merit.[5]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2021

---

[5] Appellant asserts that the passenger's testimony describing a Long Island ice tea cocktail as consisting of five to seven shots of alcohol, on its face, is a "practical impossibility" because each shot equates to one liquid ounce and the cocktails were served in a six ounce glass.  Appellant's Brief at 24.  In so arguing, Appellant challenges the credibility of the passenger's testimony as presented at trial and asks this Court to step into the shoes of the trial court, as fact-finder, in order that we might reassess the credibility of the witnesses and reweigh the evidence in hopes of reaching a different verdict.  It is not for this Court to undertake such an exercise.  **See Commonwealth v. Clay**, 64 A.3d 1049, 1056 (Pa. 2013) (stating, it is not appropriate for an appellate court to step "into the shoes of the trial [court] and revisit the underlying question of whether the verdict is against the weight of the evidence" (citation omitted)).  This Court "will not substitute its judgment for that of the fact[-]finder, which is free to assess the credibility of the witnesses and to believe all, part, or none of the evidence presented."  **Commonwealth v. Fortson**, 165 A.3d 10, 16 (Pa Super. 2017) (citations omitted), *appeal denied*, 174 A.3d 558 (Pa. 2017).