J-A17028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSIAH THOMAS KOSTEK | : | |
| | : | |
| Appellant | : | No. 1557 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 28, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000295-2024

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: July 18, 2025**

Josiah Thomas Kostek ("Kostek") appeals from the judgment of sentence imposed following his conviction for two counts of driving under the influence ("DUI") — general impairment and highest rate of alcohol — and a related offense.[1]  We affirm.

In 2023, Officers Dylan Kuropatwinski and Kenneth Scott of the Franklin Police Department were in a parked patrol vehicle late at night when they observed a pickup truck driving at a high rate of speed.  The officers additionally noted that the truck's rear brake light was not illuminating.  The officers followed the vehicle and observed it take a wide turn and then jolt multiple times as the driver tried to maintain the lane to turn.  The officers

---

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), (c), 4303(b).

also observed the vehicle crossing over the center line of the roadway multiple times. The officers then conducted a traffic stop.

As Officer Kuropatwinski approached the passenger side door of the vehicle, he observed that Kostek's eyes were bloodshot and glossy, his speech was slurred, he fumbled while finding his paperwork, and he smelled like alcohol. Kostek told the officers that he was at a local bar called the Purple Goose, which was located a few blocks away, and admitted to having a few alcoholic beverages. The officers then performed field sobriety tests, which Kostek failed. The officers then took Kostek into custody and administered a breathalyzer test which resulted in a blood alcohol level ("BAC") of .166. Officer Kuropatwinski observed that throughout the process, Kostek couldn't stand properly, his words were slurred, and he didn't really understand where he was. A blood draw was completed within two hours of the time that Kostek was driving, and the result was a BAC of .195. The officers arrested Kostek and charged him with, *inter alia*, two counts of DUI.

On September 19, 2024, the matter proceeded to a non-jury trial. The Commonwealth presented the testimony of Officers Kuropatwinski and Scott, who testified to the above facts. The Commonwealth also presented the testimony of the forensic scientist for the Pennsylvania State Police Crime Lab, Nicole Vlascovich, who testified to the results of the blood draw, which reflected that Kostek had a BAC of .195 within two hours after the traffic stop. Kostek testified in his own defense and stated that he went to the Purple

Goose to meet a friend. He indicated that he was planning on grabbing a twelve pack to bring back to his house, and did not intend to stay at the bar for any period of time. Kostek claimed that a stranger bought a drink for him and that, as far as he knew, it was just a beer in a bottle. Kostek did not know the bartender who served him. Kostek recalled things getting fuzzy after he consumed the beer, and he did not recall leaving the Purple Goose or driving. He remembered a moment from the field sobriety testing, sitting in a chair at the hospital, and then waking up the next morning in the holding cell at the police station. Kostek testified that he believed he was drugged. He stated that he doesn't drink much, and not a lot in public.

At the conclusion of trial, the court found Kostek guilty of two counts of DUI — general impairment and highest rate of alcohol — as well as a violation of general lighting requirements for his rear vehicle light. On October 28, 2024, the trial court sentenced Kostek to serve seventy-two hours to six months in jail. Kostek filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925(b).

Kostek raises the following issue for our review: "The trial court erred in finding [Kostek] guilty when he asserted an involuntary intoxication defense at trial, as the evidence presented by the Commonwealth was legally insufficient to sustain the conviction." Kostek's Brief at 2.

Notably, Kostek does not challenge the sufficiency of the evidence supporting his DUI convictions or claim that the Commonwealth failed to meet

its burden of proving every element of those convictions under subsections 3802(a)(1) and (c). Instead, he claims that he established the affirmative defense of involuntary intoxication to his DUI convictions. Specifically, Kostek argues that the Commonwealth failed to present sufficient evidence to rebut his trial testimony that his intoxication was involuntary.

When presented with a challenge to the sufficiency of the evidence, our standard of review of a is as follows:

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted). When sitting as fact finder, and while passing on the credibility of the witnesses and the weight of the evidence, the trial court is free to believe all, part, or none of the evidence. ***See Commonwealth v. Salinas***, 307 A.3d 790, 793 (Pa. Super. 2023).

Initially, we observe that Pennsylvania appellate courts have not determined involuntary intoxication to be a viable defense against a DUI charge. As this Court has explained:

Pennsylvania like many other jurisdictions, either by statute or caselaw, specifically limits the availability of a voluntary intoxication defense but does not specify whether an involuntary intoxication defense is available. **See** 18 Pa.C.S.A. § 308 (stating that evidence of voluntary intoxication is admissible where it is relevant "to reduce murder from a higher to a lower degree of murder"). In **Commonwealth v. Collins**, . . . 810 A.2d 698, 700 (Pa. Super. 2002), we recently noted that "the issue of whether involuntary intoxication is a defense to a DUI charge is unclear in Pennsylvania. **See** Committee Note, PA.S.S.J.I. Crim. 8.308(c) (stating that 'the existence and scope of the defense of involuntary intoxication is not yet fully established in Pennsylvania law'); **see also Commonwealth v. Griscom**, . . . 600 A.2d 996, 997 (Pa. Super. 1991) (concluding that the Pennsylvania appellate courts have not determined involuntary intoxication to be a viable defense against a DUI charge)." Moreover, in the context of a DUI prosecution, assuming the defense applies, we have held that the defendant has the burden of proving the affirmative defense of involuntary intoxication by a preponderance of the evidence. **Collins**, **supra**.

**Commonwealth v. Smith**, 831 A.2d 636, 639 (Pa. Super. 2003); **see also**

**Commonwealth v. Kuhn**, 475 A.2d 103, 110 (Pa. Super. 1984) (stating "[n]o Pennsylvania case has ever held that the defense of involuntary intoxication is a viable one").

Even assuming such an affirmative defense is cognizable, self-serving statements are insufficient to establish the defense. **See Smith**, 831 A.2d at 641 (holding that, in order to prove that the defendant was involuntarily intoxicated as a result of an unanticipated result of a combination of alcohol and prescription medication, at a minimum it is necessary to present expert witnesses to establish that the combination is capable of causing the extreme intoxication alleged).

Kostek argues that his intoxication was involuntary and "the trial court erred in failing to rule that involuntary intoxication was not a cognizable defense." Kostek's Brief at 7-8. According to Kostek, while he was at the bar, a gentleman bought him a drink which Kostek recalled was a beer in a bottle. Kostek points to his testimony that he doesn't drink much, and that he drinks very little in public. Kostek argues that he drank one beer, and if there was "a hidden substance in that beer that altered [his] ability to control his actions," it would support his involuntary intoxication defense. *Id*. at 9. Kostek further argues that the Commonwealth failed to rebut his assertion of involuntary intoxication, noting that the Commonwealth's forensic witness tested Kostek's blood only for alcohol, and not for other substances. Kostek concedes that when the officers stopped him, he had bloodshot eyes and failed his field sobriety tests. However, Kostek asserts that any controlled substances in his system could have impaired his ability to control his actions.

The trial court considered Kostek's issue and concluded that it lacked merit. The court reasoned:

> As a preliminary matter, this court is skeptical as to whether involuntary intoxication is a recognized defense for a DUI charge. In Pennsylvania, the question of whether involuntary intoxication is a defense to DUI is unclear. . . ..
>
> Even if the court accepted involuntary intoxication as [a] defense[, Kostek] has not met his burden. While it is the Commonwealth's burden to prove each element of the crime beyond a reasonable doubt, it is the defendant's burden to prove by a preponderance of the evidence an affirmative defense that relives the accused of criminal responsibility but does not negate an element of the offense charged. [Kostek] offered only his own

testimony to support the involuntary intoxication defense. [Kostek] presented no expert testimony, medical records, or toxicology report to corroborate his defense. Officer Kuropatwinski testified in rebuttal, observing no signs that indicate that [Kostek] was under the influence of drugs.

Given the minimal direct evidence presented on the defense, this court was left to make credibility determinations as to the testimony that was presented at trial. Credibility determinations fall within the exclusive province of the trial court. **Commonwealth v. Dutrieville**, 932 A.2d 240, 242 (Pa. Super. 2007). As fact finder, the court found [Kostek's] statements to be self-serving and lacking any additional support. Officer Kuropatwinski testified credibly and a blood test shows that [Kostek] was well over the statutory BAC limit set in [section] 3802(c).

Trial Court Opinion, 1/17/25, at 4-5 (unnecessary capitalization and some citations omitted).

The trial court additionally pointed to its statements at trial, wherein it specifically determined that, even assuming involuntary intoxication is a viable affirmative defense in Pennsylvania, Kostek failed to prove the defense by a preponderance of the evidence:

[I]t appears that a preponderance of the evidence is the standard that, . . . Kostek, you are required to prove . . . this defense. So, you know, it's defined greater weight of the evidence more likely than not that you were involuntarily intoxicated and looking at a number of different cases and case law[,] it[']s pretty clear that the courts have been unwilling to accept just self-serving testimony. Courts demand more. Such as medical reports, testimony from others, even expert reports. And again, we have a case in which the only evidence we do have is the self-serving statements made by . . . Kostek with regard to believing that he had been drugged. In looking at whether or not this has met his burden of preponderance of the evidence, that evidence alone is just merely insufficient. It is not enough to establish a preponderance of the evidence with regard to that defense. . . . That defense has not been established by a preponderance of the

- 7 -

evidence, which is a burden that the defense carries. No other testimony or evidence and even then, the testimony with regard to being drugged or the results were . . . very scant at best. So, the court finds that, that defense has not been adequately raised and presented to the court.

*Id*. at 5-6 (quoting N.T., 8/19/24, at 64-65) (unnecessary capitalization omitted).

Based on our review, we conclude that the evidence of record was amply sufficient to establish Kostek's DUI convictions. We further conclude that, to the extent that involuntary intoxication is a viable affirmative defense in this Commonwealth, which remains unclear at this time, Kostek failed to establish such a defense by a preponderance of the evidence. Indeed, Kostek offered nothing more than his self-serving conjecture that some unknown individual, perhaps the stranger who bought him a drink or the unfamiliar bartender, might have slipped a controlled substance into the single bottle of beer that he admits he consumed. Even if Kostek's testimony was believable, it was not enough to establish an involuntary intoxication defense without corroboration. *See Smith*, 831 A.2d at 641 (finding a defendant's self-serving testimony alone insufficient to justify an involuntary intoxication defense without expert testimony to establish the effect that the combination of drugs would have had on the user). Here, Kostek offered no evidence whatsoever to support his vague and speculative assertion that he was drugged. Kostek did not produce any medical evidence, lab tests, toxicology reports, or expert testimony to show that there was anything other than a significant amount of

alcohol in his system on the evening in question. Moreover, if as Kostek claimed, he consumed only one beer, then presumably his BAC would have been within legal limits rather than being .166 following a breathalyzer test administered when he was stopped, and .195 a short time later when his BAC was tested through a blood draw. In sum, as Kostek failed to prove the affirmative defense of involuntary intoxication by a preponderance of the evidence, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/18/2025