J-S11032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RONALD DALE FITZGERALD, JR., | : | |
| Appellant | : | No. 1180 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 18, 2019
in the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001696-2018

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 09, 2020**

Ronald Dale Fitzgerald, Jr. ("Fitzgerald"), appeals from the judgment of sentence entered following his convictions of aggravated assault, simple assault, resisting arrest, disorderly conduct, and harassment.[1]  We affirm.

On June 17, 2018, Uniontown Police Officer Jennifer Field ("Officer Field") and three other officers were dispatched to assist emergency medical services with an unresponsive adult male in the area of 66 Dunlap Street in Uniontown, Pennsylvania.  Upon arrival, Officer Field observed an approximately 35-year-old man, later identified as Fitzgerald, lying on the ground unresponsive, and surrounded by a crowd of onlookers.  Officer Field approached Fitzgerald, knelt down next to him, and attempted to rouse him with verbal and physical stimulation.  Officer Field performed a "sternum

---

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), 5104, 5503(a)(1), 2709(a)(1).

rub"[2] on Fitzgerald, which prompted Fitzgerald to roll onto his stomach, produce a mixture of laughter and growling noises, and kick his feet. Officer Field stood up and stepped away from Fitzgerald. Fitzgerald suddenly sprang to his feet, lunged at Officer Field, and punched her in the face with a closed fist. The punch knocked Officer Field off-balance, and caused her to fall into and strike a nearby tree trunk, then fall to the ground. As a result of the attack, Officer Field suffered bruising to her face and arm, and abrasions on her arm.

The other officers instructed Fitzgerald to give them his hands, and attempted to restrain Fitzgerald. Fitzgerald did not comply, and began flailing his arms and kicking his legs. The officers eventually gained control of Fitzgerald, with the use of two sets of handcuffs, and placed him under arrest.[3]

Fitzgerald was subsequently charged with, and following a jury trial found guilty of, the above-mentioned offenses. The trial court sentenced Fitzgerald to an aggregate term of 36 to 72 months in prison, with credit for time served. Fitzgerald filed a post-sentence Motion to modify his sentence,

_____

[2] Officer Field testified at trial that a "sternum rub" consists of rubbing a closed fist on the unresponsive individual's chest. *See* N.T., 7/10-11/19, at 12. She testified that a sternum rub is standard procedure for assessing an unresponsive person's level of responsiveness. *See id.* at 16.

[3] The record indicates that Fitzgerald was transported by ambulance to the hospital, but is unclear whether Fitzgerald was treated by medical personnel, or had his blood tested for any substances.

which the trial court denied. Fitzgerald filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Fitzgerald raises the following questions for our review:

1. Whether the evidence was legally and factually sufficient to prove that [Fitzgerald] had the requisite intent to commit the crime of aggravated assault[?]

2. Whether the evidence was legally and factually sufficient to prove that [Fitzgerald] had the requisite intent to commit the crime of simple assault[?]

3. Whether the evidence was legally and factually sufficient to prove that [Fitzgerald] had the requisite intent to commit the crime of resisting arrest[?]

4. Whether the evidence was legally and factually sufficient to prove that [Fitzgerald] had the requisite intent to commit the crime of disorderly conduct[?]

5. Whether the trial court committed an abuse of discretion by sentencing [Fitzgerald] above the aggravated range[?]

Brief for Appellant at 4.

In Fitzgerald's first four claims, he alleges that the evidence was insufficient to prove that he committed the crimes of aggravated assault, simple assault, resisting arrest, and disorderly conduct. *See* Brief for Appellant at 11. In all four claims, Fitzgerald argues that he could not form the requisite intent of each crime because he was involuntarily intoxicated at the time of the incident. *Id.* at 8-11. Fitzgerald claims that prior to the incident, he had smoked a cigarette which, unbeknownst to him, contained a mind-altering substance. *Id.* at 8. According to Fitzgerald, the cigarette

was given to him by a third party; Fitzgerald thought the cigarette was a normal tobacco cigarette; and the third party did not tell him that the cigarette contained a mind-altering substance. *Id.*

When considering a challenge to the sufficiency of the evidence, we determine

> whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Here, Fitzgerald has failed to cite any legal precedent stating that involuntary intoxication is a cognizable defense in Pennsylvania. Indeed, the only legal support that Fitzgerald cites regarding involuntary intoxication is Pennsylvania Suggested Standard Criminal Jury Instruction 8.308C, which, by its text, only applies to driving under the influence offenses under 75

Pa.C.S.A. § 3802. **See** Pa.SSJI (Crim) 8.308C. As our research has disclosed no cases from this Court or our Supreme Court recognizing the defense of involuntary intoxication for the crimes of which Fitzgerald was convicted, we are constrained to find that Fitzgerald's first four claims lack merit.[4]

In his fifth claim, Fitzgerald alleges that the trial court abused its discretion in sentencing him above the aggravated range and in considering impermissible sentencing factors. **See** Brief for Appellant at 12.

Fitzgerald's claim challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an

---

[4] Even if involuntary intoxication was a viable defense to the crimes of which Fitzgerald was convicted, we would conclude that Fitzgerald's claims lack merit. Involuntary intoxication is an affirmative defense, which Fitzgerald was required to prove by a preponderance of the evidence. **See Commonwealth v. Collins**, 810 A.2d 698, 701 (Pa. Super. 2002) (stating that "when a defense is asserted that relates to the defendant's mental state or information that is peculiarly within the defendant's own knowledge and control, the general rule is that the defendant has the burden of proving the defense by a preponderance of the evidence."). Here, the only evidence produced by Fitzgerald was his own self-serving testimony that he had smoked what he thought was a tobacco cigarette, which he received from a third party, and the next thing he remembered was waking up in the hospital. Fitzgerald presented no medical records showing that he had ingested a mind-altering substance, or testimony from the third party that the cigarette contained a mind-altering substance. The jury was instructed regarding involuntary intoxication, and found Fitzgerald guilty of each of the aforementioned charges. **See** N.T., 7/10-11/19, at 61-65; **see also Melvin**, **supra**. The jury was free to assess Fitzgerald's credibility, and we will not substitute our judgment for that of the jury. **See Commonwealth v. Sanchez**, 36 A.3d 24, 39 (Pa. Super. 2011) (stating that "this Court cannot substitute its judgment for that of the jury on issues of credibility….").

appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "Instead, such challenges are considered petitions for allowance of appeal." ***Commonwealth v. Clemat***, 218 A.3d 944, 959 (Pa. Super. 2019). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> * * *

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Fitzgerald filed a timely Notice of Appeal and raised his sentencing claim in a post-sentence Motion. However, Fitzgerald failed to include a Rule 2119(f) Statement in his brief, and fails to make any legal argument, or cite any relevant case law in support, that his claim violates a specific provision of the Sentencing Code or a particular fundamental norm underlying the sentencing process. ***See*** Pa.R.A.P. 2119(f) (stating, in part, that "[a]n appellant who challenges the discretionary aspects of a sentence

in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."); **Commonwealth v. Sauers**, 159 A.3d 1, 16 (Pa. Super. 2017) (denying an appellant's petition for allowance to appeal the discretionary aspects of his sentence where the appellant's concise statement failed to "articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.").

Nevertheless, this Court has overlooked an appellant's failure to comply with Rule 2119(f) where the appellee does not object to the omission and a substantial question is evidenced from the appellant's brief. **See Commonwealth v. Kneller**, 999 A.2d 608, 614 (Pa. Super. 2010). Here, the Commonwealth did not object to Fitzgerald's omission, and Fitzgerald's claim that the trial court considered impermissible sentencing factors raises a substantial question. **Commonwealth v. P.L.S.**, 894 A.2d 120, 127 (Pa. Super. 2006). Therefore, will address the merits of his claim.

Fitzgerald alleges that the trial court abused its discretion by sentencing him above the aggravated guideline range, and by improperly considering "previous adjudications and previous convictions that don't make up part of [Fitzgerald's] 5 point prior record point score." Brief for Appellant at 12. Fitzgerald directs us to the trial court's statements at sentencing

relating to Fitzgerald's prior juvenile delinquency adjudications and prior convictions. *See* N.T., 7/18/19, at 3-9.

Initially, the trial court was free to consider Fitzgerald's prior juvenile adjudications in making its sentence. *See* 204 Pa. Code § 303.6(c)(2) (providing the guidelines for the inclusion of a prior juvenile adjudication in the calculation of a prior record score, and stating that "[n]othing in this section shall prevent the court from considering lapsed prior adjudications at the time of sentencing.").[5]

Additionally,

although the sentencing guidelines are an important factor in sentencing, they are but only one factor when determining an individualized sentence:

The guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

---

[5] To the extent that Fitzgerald challenges the trial court's consideration of "prior convictions" that were not included in Fitzgerald's prior record score, the record is unclear as to what, if any, prior convictions the trial court considered that were not included in the prior record score. *See* N.T., 7/18/19, at 3-9. Because we can only consider facts that are contained in the record, we find this claim waived. *See Commonwealth v. Brown*, 161 A.3d 960, 968 (Pa. Super. 2017) (stating that "our review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not exist for purposes of our review." (quotation marks omitted)).

***Commonwealth v. Holiday***, 954 A.2d 6, 13 (Pa. Super. 2008) (brackets omitted). Therefore, our inquiry is whether the trial court appropriately applied the factors set forth in the Sentencing Code, 42 Pa.C.S.A. § 9721(b). ***See id.***

Here, our review of the record discloses that the trial court properly considered all of the statutory factors before sentencing Fitzgerald. ***See*** N.T., 7/18/19, at 3-9 (wherein the trial court addressed the facts of the case, the sentencing guidelines, Fitzgerald's prior record score, and Fitzgerald's statements made at sentencing); ***Commonwealth v. McClendon***, 589 A.2d 706, 712 (Pa. Super. 1991) (setting forth the factors that a trial court should consider when sentencing a defendant). Moreover, the trial court was informed by a pre-sentence investigation report. ***See*** N.T., 7/18/19, at 3-9; ***Commonwealth v. Downing***, 990 A.2d 788, 794 (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Accordingly, Fitzgerald's discretionary sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/9/2020