J-S21017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONIA LEE SONES | : | |
| | : | |
| Appellant | : | No. 1545 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 29, 2021,
in the Court of Common Pleas of Northumberland County,
Criminal Division at No(s):  CP-49-CR-0001095-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED: JULY 8, 2022**

Tonia Lee Sones appeals from the judgment of sentence[1] entered following her jury trial and conviction of aggravated assault (three counts), simple assault, endangering the welfare of a child, and recklessly endangering another person.[2]  We affirm.

## I.    Background

On August 6, 2018, Pennsylvania State Police Trooper Joshua Kendrick filed a criminal complaint against Sones, charging her with the above offenses

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] An appeal in a criminal case lies from the judgment of sentence.  Sones also included on her notice of appeal the trial verdict and the order denying her post-trial motion.  We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. §§ 2702(a)(1), (a)(9), and (a)(8), 2701(a)(1), 4304(a), and 2705, respectively.

based on Sones leaving her child unattended in a hot car on June 1, 2018. The trial court rejected a plea agreement for a sentence of county imprisonment, and Sones rejected a plea offer for a sentence of state imprisonment. Thus, the case proceeded to trial. At the beginning of jury selection, the trial court erroneously stated that the child had died:

> THE COURT: . . . It is alleged that this occurred back on June 1st, 2018 at -- in Delaware Township. Basically in a nutshell, the case involves the death of her own child, a one and a half year old, who was allegedly left inside a car for over five hours. So that is the context.
>
> [Defense counsel]: May we approach, Your Honor?
>
> THE COURT: Yes.
>
> [At sidebar]
>
> [Defense counsel]: I thought you said the death.
>
> THE COURT: I did. I'm sorry. She is not dead.
>
> [Prosecutor]: She is not.
>
> THE COURT: I'll say serious injury. Thank you for the correction.
>
> [In open court]
>
> THE COURT: So I misspoke. I had used the term death of a child. Actually, the child was -- is alive, but had sustained some serious health problems. So I wanted to make that correction. Thank you, [Defense counsel].

N.T., Jury Selection, 8/16/21, at 4–5. The parties selected the jury over the next three hours, and trial began the following week.

The trial court described the evidence at trial:

> A.S. was a healthy, happy 21-month-old toddler who lived with her mother, [Sones], in Watsontown, Pennsylvania. She could run and play like other children her age, and had been

reaching age-appropriate milestones. After the incident of June 1, 2018, A.S., who is now 5, is confined to a special stroller chair and receives her nutrition through a feeding tube in her stomach. Instead of focusing on preparing for kindergarten and learning how to count, write, and interact with children her age, A.S. is continuing to re-learn how to hold her head up, walk, eat and swallow so that she does not choke or aspirate food into her lungs, actions that she already learned and had the ability to do, but must learn again due to traumatic brain injury sustained from her mother's actions. Along with seeing many specialists for medical care, A.S. now requires constant care and monitoring at her grandmother's home. All of these changes of A.S. are attributable to [Sones] leaving her belted in her car seat in a hot car in June of 2018. [Sones] arrived home at approximately 7:15 AM on that day after picking the child up from her mother's home after a ten-hour shift at Great Dane, where she was employed as a Welder/Fabricator. [Sones] went inside of her home, inexplicably leaving the child belted in the car seat with the doors locked and the windows rolled up allegedly because she didn't want to disturb the sleeping child. Once inside, [Sones] fell asleep, along with her paramour.[fn1] When she woke up nearly 5 hours later, it was approximately 12:30 PM and 82 degrees Fahrenheit outside. [Sones] ran to the car, where she found the child seizing in her car seat.

---

[1] There was conflicting testimony as to whether the [child's] grandmother visited the residence after [Sones] arrived home with the child. [Sones'] paramour at the time and the grandmother's testimony reflected that the grandmother came over [and] talked to [Sones] and her paramour about a mechanic and an upcoming graduation event. The grandmother testified that [Sones] was awake and alert.

On August 26, 2021, after a two-day jury trial, [Sones] was found guilty of [the above offenses]. On October 29, 2021, [Sones] was scheduled for sentencing at 9:15 A.M., but did not appear. A bench warrant was issued and [Sones] was found at her home hiding in a closet with a gun. She was brought into the courthouse for sentencing that afternoon, and when asked by [the trial court] why she did not appear, [Sones] stated that she was going to end her life. The [trial court] subsequently sentenced [Sones] to an aggregate of 4 ½ to 9 years in a State Correctional Institution.

Trial Court Opinion, 1/13/22, at 1–2. Sones did not file a post-sentence motion. She filed a timely notice of appeal. Sones and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

## II. Analysis

Sones raises the following issues for our review:

1. Whether the misstatement during jury selection by the trial court that the infant was deceased was prejudicial to the defense?

2. Whether the trial court's correction of the misstatement during jury selection that the infant was not deceased "but had sustained some serious health problems" was prejudicial to the defense since this was a fact that was to be determined by the jury not the court.

3. Whether the jury instruction for Aggravated Assault provided to the jury was insufficient and legally incorrect?

4. Whether the sentence imposed was excessive and greater than necessary to achieve the purposes of sentencing?

Sones' Brief at 4.

We find that Sones is not entitled to relief on any of these claims.

**A. Sones waived her arguments about the trial court's statements during jury selection because she did not request a mistrial.**

Sones' first two issues on appeal concern the trial court's statements during jury selection—first that "the case involves the death of" A.S., and second, after counsel indicated the error at sidebar, that A.S. "is alive, but had sustained some serious health problems." N.T., Jury Selection, 8/16/21, at 4–5. Sones argues that the misstatement prejudiced her, that the curative instruction was inadequate, and that the only appropriate remedy was to

- 4 -

replace the panel of prospective jurors. Sones' Brief at 14–18. She therefore reasons that the trial court abused its discretion by not declaring a mistrial.

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013).

In this case, Sones did not request a mistrial, either in response to the trial court's misstatement or to its correction. "When an event prejudicial to the defendant occurs during trial[,] only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B). Although Sones' counsel promptly apprised the trial court of the misstatement, counsel never moved for a mistrial. Sones "cannot now complain that the court erred in failing to grant a mistrial when no such motion was made." *Commonwealth v. Ables*, 590 A.2d 334, 340 (Pa. Super. 1991) (citing *Commonwealth v. Tallon*, 387 A.2d 77, 82 (Pa. 1978)).

Furthermore, the trial court did not abuse its discretion by failing to declare a mistrial *sua sponte*. Our Supreme Court recently affirmed that a trial court has authority to declare a mistrial *sua sponte* "only when the 'interest of justice' requires it." *Temple v. Providence Care Ctr., LLC*, 233 A.3d 750, 765 (Pa. 2020) (quoting *Commonwealth v. Powell*, 590 A.2d 1240, 1242 (Pa. 1992)). However, "when a party *recognizes* an error, but *fails to preserve* that error," a trial court should declare a mistrial *sua sponte* "only where 'exceedingly clear error' results in 'manifest injustice.'" *Id.* at 766 (quoting *Ewing*, 1 Binn. 450, 455–56 (Pa. 1808) (opinion of Tilghman,

C.J.)). "That 'exceedingly clear error' should be of a constitutional or structural nature, and 'manifest injustice' must be of such a magnitude as to amount to a severe deprivation of a party's liberty interest." *Id.* (applying this standard to both criminal and civil cases).

Here, the trial court misspoke while describing the general nature of the case to the prospective jurors. Once Sones' counsel indicated the error and the court corrected itself, the case proceeded to jury selection. "[T]he purpose of *voir dire* is solely to ensure the empaneling of a competent, fair, impartial, and unprejudiced jury capable of following the instructions of the trial court." *Commonwealth v. Delmonico*, 251 A.3d 829, 839 (Pa. 2021) (quoting *Commonwealth v. Knight*, 241 A.3d 620, 640 (Pa. 2020)). The trial court and attorneys fully questioned the prospective jurors in this case about possible bias. The trial court readily excused numerous prospective jurors who indicated that they would not be able to be fair. In its trial instructions, the court correctly informed the jury that the Commonwealth had the burden to prove all the elements of the offenses, including that A.S. had sustained serious bodily injury. This process ensured that the selected jurors were fair and were correctly informed as to the law. Therefore, the trial court did not abuse its discretion when it did not declare a mistrial *sua sponte*.

Because Sones did not preserve a challenge to the trial court's misstatement or to its correction, and because the trial court acted within its discretion by proceeding with jury selection, Sones is not entitled to relief on her first two issues.

**B. Sones waived her challenge to the adequacy of the trial court's instruction on of the malice required for aggravated assault.**

Sones next challenges the trial court's instructions on the three counts of aggravated assault.  Sones' Brief at 18–25.  She argues that aggravated assault requires malice, which goes beyond ordinary criminal recklessness, and she alleges that the trial court's instructions were deficient in describing this element.  *Id.*  However, Sones' only objections to the court's instructions concerned causation, not malice.  Therefore, she waived this specific challenge.

Regardless, the trial court's instructions adequately apprised the jury of the elements of aggravated assault.

> Generally, in an appeal challenging jury instructions following a conviction and the imposition of sentence, our standard of review is for an abuse of discretion or an error of law controlling the outcome of the case.  In such circumstances, a jury charge "will be found adequate unless the issues are not made clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error."

*Commonwealth v. Stone*, 273 A.3d 1163, 1169 (Pa. Super. 2022) (*en banc*) (citing and quoting *Commonwealth v. Williams*, 241 A.3d 1094, 1109 (Pa. Super. 2020)).  "The trial court is not required to give every charge that is requested by the parties[,] and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal." *Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (quoting *Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa. Super. 2006)).

Relevant here, police charged Sones with violating three distinct subsections of the aggravated assault statute. First, Section 2702(a)(1) provides that a person commits aggravated assault by "caus[ing serious bodily] injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Second, under Section 2702(a)(8), a person over 18 commits aggravated assault by "intentionally, knowingly or recklessly caus[ing] bodily injury to a child less than six years of age." Under Section 2702(a)(9), a person over 18 commits aggravated assault by "intentionally, knowingly or recklessly caus[ing] serious bodily injury to a child less than 13 years of age."

Aggravated assault under Section 2702(a)(1) requires malice;[3] "mere recklessness is insufficient to support a conviction for aggravated assault." *Commonwealth v. O'Hanlon*, 653 A.2d 616, 618 (Pa. 1995).

> [F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur. This state of mind is, accordingly, equivalent to that which seeks to cause injury.

*Id.* "[T]he mens rea required for a conviction of aggravated assault, like third-degree murder, is malice; only the result of the crimes differ." *Commonwealth v. Packer*, 168 A.3d 161, 168 (Pa. 2017). For both crimes,

---

[3] Section 2702(a)(8) and (a)(9) do not require malice. *Commonwealth v. Widger*, 237 A.3d 1151, 1157 n.4 (Pa. Super. 2020).

a defendant has acted with malice if he or she "did not have an intent to kill, but nevertheless displayed a conscious disregard for 'an unjustified and extremely high risk that his [or her] actions might cause death or serious bodily harm.'" *Id.* (quoting *Commonwealth v. Santos*, 876 A.2d 360, 364 (Pa. 2005)).

Notably, we have found the standard instruction for aggravated assault to adequately express the concept of malice—as long as it states that the defendant must act recklessly "under circumstances manifesting extreme indifference to the value of human life." *Commonwealth v. Myers*, 722 A.2d 1074, 1077–78 (Pa. Super. 1998) (distinguishing *Commonwealth v. Nichols*, 692 A.2d 181, 187 (Pa. Super. 1997)).

Here, during trial, the parties and the trial court had an ongoing discussion about the charges of aggravated assault. At a sidebar during the redirect examination of Sones, the court indicated that it did not intend to charge the jury on malice, and it precluded Sones' counsel from using that term. N.T., 8/26/21, at 247. Later, after reviewing cases and argument from the parties, the trial court ruled that counsel for the parties could argue that "there is a higher standard here with regard to malice." *Id.* at 252–260.

Counsel for Sones then requested an instruction under 18 Pa.C.S.A. § 303(c). *Id.* at 260. That section provides: "When recklessly . . . causing a particular result is an element of an offense, the element is not established if the actual result is not within the risk of which the actor is aware . . . ."

The trial court provided the standard instruction for each count of aggravated assault to the jury. After charging on Count 1, aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), the court provided the requested instruction under Section 303(c): "When recklessly causing a particular result is an element of an offense, the element is not established if the actual result is not within a risk of which the actor is aware." N.T., 8/26/21, at 277–278. However, the trial court did not provide the Section 303(c) instruction after charging on the other counts of aggravated assault. *Id.* at 278–279. And, when the jury asked to hear the definitions again, the trial court did not provide the Section 303(c) instruction at all. *Id.* at 294. Sones' counsel objected to these omissions. *Id.* at 290–291, 296–297. Counsel did not otherwise object to the court's instructions.

Sones' objections preserved a challenge to the trial court's omission of the Section 303(c) instruction. *See* Pa.R.A.P. 302(b); Pa.R.Crim.P. 647(C). However, this provision pertains to causation, not malice. These are separate elements that the Commonwealth must prove to sustain a conviction of aggravated assault. That is, a person could cause serious bodily injury without acting maliciously. And a person acting with malice could set forth a chain of events leading to injury, the chain being so attenuated that the person did not "cause" the injury for purposes of criminal law.

Although Section 303(c) references recklessness (and negligence), its effect is to limit criminal liability to cases where the result is within the risk of which a defendant is aware. *Commonwealth v. Rementer*, 598 A.2d 1300,

1306 & n.5 (Pa. Super. 1991). We have explained that this requires the **result** to be a "natural or foreseeable consequence" of the defendant's conduct, which is narrower than the tort concept of proximate cause. **Commonwealth v. Spotti**, 94 A.3d 367, 375–80 (Pa. Super. 2014) (*en banc*); **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1257 (Pa. Super. 2014) (*en banc*); **Commonwealth v. Nunn**, 947 A.2d 756, 760 (Pa. Super. 2008)). Therefore, the only challenge to jury instructions that Sones preserved relates to causation, not state of mind.

Because Sones argues on appeal that the trial court's instructions were inadequate to describe malice, but her challenged instruction described causation, she has waived this issue. Regardless, the trial court provided the standard instruction on aggravated assault, including that the jury had to find beyond a reasonable doubt that Sones acted "intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." N.T., 8/26/21, at 277. This adequately apprises the jury of the malice requirement. **Myers**, 722 A.2d at 1077–78. Therefore, the trial court did not abuse its discretion in providing the standard instructions on the aggravated assault charges, and Sones is not afforded relief on this issue.

### C. Sones did not preserve a challenge to the discretionary aspects of her sentence.

In her final issue, Sones challenges her aggregate sentence of four and a half to ten years of imprisonment. Sones' Brief at 25–29. She asserts that the trial court did not consider her individual characteristics or the presentence

- 11 -

investigation report, focused only on the severity of the harm to A.S., and did not set forth its reasoning at sentencing. *Id.* at 29.

Sones' claims go to the discretionary aspects of her sentence. ***Commonwealth v. Velez***, 273 A.3d 6, 9 (Pa. Super. 2022) (claim that trial court considered only the offense and the victim, not the defendant); ***Commonwealth v. Robinson***, 931 A.2d 15, 26–27 (Pa. Super. 2007) (*en banc*) (claim that trial court did not state adequate reasons on the record).

> An appeal raising the discretionary aspects of sentencing is not guaranteed of right; rather it is considered a petition for permission to appeal. ***Commonwealth v. Williams***, 562 A.2d 1385, 1368–87 (Pa. Super. 1989) (*en banc*). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

***Commonwealth v. Wallace***, 244 A.3d 1261, 1278 (Pa. Super. 2021) (citation format altered).

Here, Sones did not preserve her sentencing issue either at sentencing or in a post-sentence motion. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Bradley***, 237 A.3d 1131, 1139 (Pa. Super. 2020)

(quoting **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013)). Although Sones' trial counsel filed a post-trial motion before sentencing, this motion could not alert the trial court to an issue with a sentence that had not yet been imposed. A review of the sentencing transcript reveals no objection to Sones' sentence. And Sones did not file a post-sentence motion before she appealed. As such, she has failed to preserve a sentencing challenge for our review.

### III. Conclusion

In sum, Sones did not object to the jury selection or request a mistrial. The trial court properly instructed the jury on aggravated assault and malice. Sones waived her sentencing claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/08/2022

- 13 -